**Joel CHARCHENKO**

v.

**The CITY OF STILLWATER.**

No. 4–92–CV–1164.

United States District Court,
D. Minnesota,
Fourth Division.

April 21, 1993.

Karla R. Wahl, Wahl Law Office, Minneapolis, MN, for Joel Charchenko.

Clifford M. Greene, Julie Anne Fleming–Wolfe, Greene Espel, Minneapolis, MN, for City of Stillwater.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Fed. R.Civ.P) or, in the alternative, for summary judgment pursuant to Rule 56(c), Fed. R.Civ.P. Plaintiff opposes this motion. A hearing was held April 15, 1993.

Plaintiff Joel Charchenko was employed by the municipality of Stillwater, Minnesota, as a part-time police officer from December 1, 1977, to December 6, 1988. Plaintiff contends that he was terminated wrongfully and by unconstitutional means.

On August 13, 1990, plaintiff filed a complaint in Minnesota state district court alleging breach of his employment contract and its assured procedural protections, violations of his constitutional right to due process under 42 U.S.C. § 1983, promissory estoppel, and negligent infliction of emotional distress. This matter was to be tried in state court. On November 12, 1992, immediately prior to trial, that court dismissed the entire state court action, *sua sponte,* with prejudice, citing *Dietz v. Dodge Co.,* 487 N.W.2d 237 (Minn.1992). No appeal was taken from that decision.

On November 30, 1992, the plaintiff filed this action in federal court pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional right to procedural and substantive due process (Count I) and violations of his constitutional liberty interest (Count II). Plaintiff also brings state law claims for violations of his state constitutional rights (Count III), breach of contract (Count IV), and promissory estoppel (Count V).

The defendant contends that dismissal of the plaintiff's state court action for lack of subject matter jurisdiction is *res judicata* and bars litigation of the plaintiff's claims in this forum. The plaintiff argues that *res judicata* does not apply because the state court never reached the merits of the case. The plaintiff further contends that neither *Dietz* nor the previous state court dismissal bars this Court from hearing plaintiff's § 1983 constitutional claim on the merits.

■ This case raises troubling questions regarding the congenial interplay between state and federal courts. Certainly, the *Rooker–Feldman* doctrine prevents this Court from sitting in review of matters which have been considered by the state court. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In this case, however, application of the *Rooker–Feldman* doctrine is complicated by the fact that the state tribunal reached only the jurisdictional issues in the case.

The Court recognizes that a person is normally entitled to have his grievance heard on the merits. It seems to this Court that it would be prudent to suggest that the state court be given an opportunity to revisit this matter. The Court does not, of course, render an opinion, and the state court apparently was appropriately cognizant of the *Dietz* rule when it ruled that plaintiff's reinstatement remedy lies in the form of a writ of certiorari to the Minnesota appellate court. But, the plaintiff also raises parallel constitutional claims.

■ The plaintiff alleges a constitutional deprivation of due process rights arising from termination of his employment, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It is well settled that state district courts have concurrent jurisdiction to hear constitutional claims arising under § 1983. *Allen v. McCurry,* 449 U.S. 90, 100, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980); *Maine v. Thiboutot,* 448 U.S. 1, 2 n. 1, 100 S.Ct. 2502, 2503 n. 1, 65 L.Ed.2d 555 (1980); *Martinez v. California,* 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980). The state court apparently believed it was divested of this concurrent jurisdiction by virtue of the decision in *Dietz v. Dodge Co.,* 487 N.W.2d 237 (Minn.1992), which the court applied equally to the plaintiff's wrongful discharge and to his constitutional claims.

■ Without ruling on the question, it seems possible that the wrongful discharge claims may not be wholly congruent with the constitutional claims. Accordingly, and out of respect to its sister court, this Court finds it appropriate to stay this matter to permit the plaintiff to file a motion for reconsideration in state court, pursuant to Rule 60.02 of the Minnesota Rules of Civil Procedure.

Based upon the files, records, and proceedings herein, and for the reasons set forth above, IT IS ORDERED that:

1. Defendant's motion to dismiss is continued generally.

2. This matter is stayed pending further order of the Court.