73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael PALMISANO, Plaintiff-Appellant,
v.
Michael BILANDIC, et al., Defendants-Appellees.
 No. 95-2944.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 29, 1995.
Decided Dec. 20, 1995.*
 
 Before EASTERBROOK, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Michael Palmisano was disbarred by Illinois for making unsupported accusations of criminal conduct by state judges. That step led to reciprocal disbarment by the United States District Court for the Northern District of Illinois, which we recently held to be within the power of the district court. In re Palmisano, No. 94-3809 (7th Cir. Nov. 15, 1995).
 
 
 2
 While the federal disbarment proceeding was under way, so was this suit by Palmisano against the Justices of the Supreme Court of Illinois. Palmisano contends that his removal from the bar violated his rights under the first amendment to the Constitution. A similar argument was made, and rejected on the merits, in the federal disbarment proceeding. The district judge did not reach the merits in this case, however, ruling that a federal district court lacks jurisdiction to entertain a collateral attack on the merits of a state court's decision. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). That decision is correct, indeed is compelled by Leaf v. Supreme Court of Wisconsin, 979 F.2d 589 (7th Cir.1992), which applies the Rooker-Feldman doctrine to a similar attempt to contest discipline imposed on an attorney by a state court. See also Greening v. Moran, 953 F.2d 301, 304 (7th Cir.1992); Grossgold v. Supreme Court of Illinois, 557 F.2d 122, 125 (7th Cir.1977). Palmisano could have taken his claims from the Supreme Court of Illinois to the Supreme Court of the United States; an inferior federal court lacks any comparable power to review state judgments in civil cases.
 
 
 3
 Palmisano relies on Buckley v. Illinois Judicial Inquiry Board, 997 F.2d 227 (7th Cir.1993), which held that the Rooker-Feldman doctrine does not preclude an attack on disciplinary rules the state threatens to apply to future conduct. This is a line Feldman itself drew. Judge Buckley did not contest steps taken against him for things he had said or done in the past; the litigation was limited to determining how the Constitution would be applied to events that had yet to occur, and about which there had been no adjudication by the state. But Palmisano's complaint is that the state violated his rights in the course of a disciplinary proceeding that was based on prior conduct, and he wants to revise the outcome of that proceeding--he wants to be reinstated as a lawyer, or at a minimum to obtain a declaration that the decision of the Supreme Court of Illinois was in error. Such a demand lies at the core of the Rooker-Feldman doctrine, and the judgment of the district court is therefore
 
 
 4
 AFFIRMED.
 
 
 
 *
 An earlier, related appeal was argued to the court on October 5, 1995. This appeal was assigned to the original panel under Operating Procedure 6(b), and the panel has unanimously decided that an additional oral argument is not necessary