IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-50022
Summary Calendar

---

WILLIE MARIE GRIESENBECK, individually,
and for the benefit of her sons,
Michael Todd Griesenbeck, Charles
Wade Griesenbeck; CHARLES GRIESENBECK,

                                        Plaintiffs-Appellants,

        versus

PETER MICHAEL CURRY, Visiting Judge, 73rd
District Court; DAVID PEEPLES, Judge, 224th
District Court; JOHN D. GABRIEL, Judge, 131st
District Court; JOHN J. SPECIA, JR., Judge,
225th District Court; MICHAEL PEDEN, Judge,
285th District Court; JANET LITTLEJOHN,
Judge, 150th District Court,

                                        Defendants-Appellees.

---

Appeal from the United States District Court for the
Western District of Texas
USDC No. SA-97-CV-1419

---

June 22, 1999

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

        Willie Marie Griesenbeck, individually and on behalf of her

sons, Michael Todd Griesenbeck and Charles Wade Griesenbeck, and

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Charles Griesenbeck appeal from the district court's denial of injunctive relief in their civil rights action.  The Griesenbecks argue that the district court erred by denying their request for injunctive relief prior to any response by the defendants and without an evidentiary hearing.  Because there is a pending state proceeding and the Griesenbecks have not demonstrated that they will not have an adequate opportunity to raise constitutional challenges in state court, the district court correctly determined that it should not intervene.  Accordingly, the judgment of the district court is

AFFIRMED.[1]

---

[1]Although appellees urge "that the district court properly denied the Griesenbecks' request for injunctive relief," they also ask that *this Court* "dismiss the Griesenbecks' complaint" for want of subject matter jurisdiction, as the federal claim asserted is not substantial, or alternatively "direct the district court to abstain" under the general principles of *Younger v. Harris*, 401 U.S. 37 (1971), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  However, appellees have not filed any appeal (or cross-appeal) from *any* order or action of the district court, and the district court has not ruled on appellees' motion to dismiss raising those contentions which was filed after the district court's herein appealed order denying all injunctive relief. Hence, we do not directly rule on these contentions of appellees. We note, however, that the district court in its denial of injunctive relief expressly (and properly) relied, *inter alia*, on the general principles of *Younger* and *Rooker*.