**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DARRYL THURGOOD,

　　　　Plaintiff - Appellant,

v.

HONORABLE MICHAEL K.
BURTON and HONORABLE DAVID
S. YOUNG each individually, and in
their capacity as Third District Court
Judge; STATE OF UTAH,

　　　　Defendants - Appellees.

No. 03-4030
(D.C. No. 2:02-CV-1385-DS)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **EBEL**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Plaintiff Darryl Thurgood, appearing pro se, moves for a stay pending appeal, asking this court to enjoin the Third District Court of the State of Utah from enforcing state court orders concerning child custody, evaluation, and

---

[*]　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

visitation. We deny the stay and affirm the dismissal of his civil rights suit for lack of jurisdiction.

Plaintiff filed his federal civil rights suit, arguing that the defendant state court judges interfered with his constitutional rights as a parent. In a thorough order, the district court dismissed plaintiff's suit for lack of jurisdiction under the Rooker-Feldman doctrine. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). As the district court repeated, "Rooker-Feldman precludes 'a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)). The district court correctly noted that the Rooker-Feldman doctrine applies to all state court judgments. See id. We are convinced that plaintiff's suit is barred by Rocker-Feldman. Accordingly, we affirm the district court's order of dismissal.

The motion for stay is denied and the district court's judgment is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM