**Beth PANCAKE, on behalf of herself and others similarly situated, Plaintiff–Appellant,**

v.

**Frank MCCOWAN, Judge, W. Richard Walton, Judge, and John Kehoe, Judge, Defendants–Appellees.**

Nos. 02–3537, 02–3594.

United States Court of Appeals, Sixth Circuit.

April 30, 2003.

BEFORE: MARTIN, Chief Circuit Judge, and KENNEDY and DAUGHTREY, Circuit Judges.

## PER CURIAM.

The plaintiff, Beth Pancake, brought this § 1983 class action against the Common Pleas Court judges of Lawrence County, Ohio, in their official capacities, alleging that the judges have a policy and practice of granting *ex parte* injunctions barring one party in a divorce action from the marital residence without notice and a hearing, even in the absence of exigent circumstances. Pancake, suing on behalf of herself and those similarly situated, alleged that this practice violates the Fourth and Fourteenth Amendments and sought a declaratory judgment that the practice was unconstitutional. Pancake also sought damages from her (then) husband's attorney, Carol Jean Hampton, alleging conspiracy between Hampton and the judge who issued the *ex parte* order against Pancake. Following entry of an order certifying a Rule 23(b) class of plaintiffs, the district court denied Hampton's motion to dismiss but granted the defendant judges' motion for judgment on the pleadings on the basis of *Rooker–Feldman* abstention and dismissed the class action without prejudice. The district court also denied plaintiff's Rule 59(e) motion to amend. Pancake appeals the dismissal of her claims against the judges and the district court's denial of her motion to alter and amend; Hampton cross-appeals the district court's denial of her motion to dismiss.

As the district court noted in dismissing the case, the plaintiff has refused to challenge the constitutionality of Ohio Civil Rule 75(L), which authorizes a judge to issue an *ex parte* temporary restraining order upon a showing of certain circumstances. While conceding that there might be circumstances in which one party could demonstrate exigent circumstances sufficient to support such an order, Pancake contended that the Lawrence County judges have a long-standing practice of granting the applications automatically. It is, of course, well-settled that "[u]nless exigent circumstances are present, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property...." *United States v. James Daniel Good Real Property*, 510 U.S. 43,

62, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The district court held, nevertheless, that it was without jurisdiction in this case, under the tenets of the *Rooker–Feldman* doctrine.

That doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). It holds that, under 28 U.S.C. § 1257, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings," *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir.2002), and reflects the fact that only the Supreme Court may conduct federal review of state court proceedings. *See, e.g., Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506 (6th Cir.2000). Hence, we have held that "federal courts have no subject matter jurisdiction to entertain federal constitutional claims that are inextricably intertwined with a state court's ruling in an earlier action, when their adjudication would be tantamount to a review [of] the state court decision." *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir.2000)(en banc)(quotations omitted). As *Peterson* noted, in this circuit, we have adopted the Eighth Circuit's understanding of "inextricably intertwined":

> The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Peterson,* 305 F.3d at 391 (citations omitted).

We have held that two elements must be satisfied for the *Rooker–Feldman* jurisdictional bar to apply. The first involves the "inextricably intertwining" detailed above. In addition, federal jurisdiction may not lie when the claim is "a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case." *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998), *quoted in Tropf v. Fid. Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir.2002). The doctrine specifically does *not* bar general challenges to the constitutionality of the state law applied in the state action. *See Tropf v. Fid. Nat'l Title Ins. Co.,* 289 F.3d at 937.

Pancake argues that *Rooker–Feldman* does not bar her claim because she is not seeking relief that would "require the district court to hold that the state court decision was in error ... [or] that would render the judgment ineffectual." This contention is beside the point. The appropriate inquiry is not whether the district court would be required to "overrule" in some technical way the state court judgment, but is instead whether the constitutional claim presented by the plaintiff is so intertwined with the state court proceedings that a federal court review of the claim would necessarily constitute a review of the state court's decision, such that a federal court decision in the plaintiff's favor would call the state court decision into question. Indeed, it would not be possible for the district court to overturn in any sense the state court's TRO decision in this case, because the TRO is no longer in force. Instead, a federal court review of Pancake's claim would involve an inquiry into whether the actions taken by the state court violated Pancake's constitutional

rights. This is precisely the type of inquiry not allowed under *Rooker–Feldman*.

An apt illustration of the difference between claims that are not barred by *Rooker–Feldman* and the claims at issue here is provided by *Patmon v. Michigan Supreme Court*, 224 F.3d 504 (6th Cir.2000). In *Patmon*, an attorney who had been temporarily suspended from the practice of law by the Michigan Attorney Discipline Board brought a § 1983 action against various Michigan state entities and officials, alleging that Michigan statutes and court rules governing practice of law violated his federal constitutional rights. *See id.* at 505–06. He alleged that the rules and statutes were unconstitutional on their face, and, as such, his claim was a general constitutional challenge not barred under *Rooker–Feldman*. *See id.* at 510. The *Patmon* court found that his arguments concerned "how the rules were applied to him" and, as such, were "inextricably intertwined with the state judicial determinations of his case." *Id.*

The fundamental problem in this case is that, because the alleged policy is *unwritten*, it is not possible for a federal court to discern either that the policy exists or that the judges' practice is unconstitutional without conducting an in-depth review of state court decisions. If the rule is not unconstitutional on its face, then it may at times be invoked in a manner consistent with the constitution. Therefore, to determine whether the judges apply it in an unconstitutional way, the district court would have to examine closely multiple state court decisions. The import of any finding that the application of Rule 75(L) is unconstitutional would impermissibly constitute a review of the state court decisions, even though technically the decisions would not be overturned by such a ruling.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its orders dated February 22, 2002, and April 30, 2002.