**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1839

THOMAS M. MANGAN,

Plaintiff, Appellant,

v.

J. SCOTT DAVIS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

Thomas M. Mangan, on brief pro se.
G. Steven Rowe, Attorney General and Melissa Reynolds O'Dea, Assistant Attorney General, on brief for appellees J. Scott Davis and Karen G. Kingsley.
James B. Haddow and Petruccelli, Martin & Haddow, on brief for appellee Thuy Thi Rumo.

December 30, 2003

**Per Curiam**.  We have reviewed the record and the parties' submissions.  We affirm the lower court's judgment on the ground that the federal courts lack subject matter jurisdiction under the principles set out in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983), and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923).

Appellant Thomas M. Mangan ("Mangan") claims that the appellees violated his constitutional rights during the proceedings before the Maine Supreme Judicial Court; that these alleged violations tainted those proceedings; and that the result of those proceedings -- his disbarment -- is therefore called into question. If the federal court were to exercise jurisdiction here, it effectively would be second-guessing the Maine SJC's decision that Mangan received a fair trial and that he should be disbarred.  This is precisely what <u>Rooker-Feldman</u> prohibits.

It does not matter to our analysis whether Mangan explicitly raised a federal constitutional claim in the state court proceedings.  The relevant inquiry is not whether a particular argument was raised in the state court.  Rather, the relevant inquiry is whether the constitutional challenge is of a general nature (e.g., a claim that the rules governing disbarment proceedings violate due process), or whether, instead, it targets particular actions taken by the appellees and/or the court during the proceedings and approved of by the SJC.  <u>See</u> <u>generally</u> <u>Feldman</u>,

460 U.S. at 486.  Mangan's claims clearly are barred by the <u>Rooker-Feldman</u> doctrine because he alleges that certain actions in the state court proceeding by bar counsel and by the complainant violated his constitutional rights; he does not allege that the state rules themselves are unconstitutional.  Mangan's claims are "inextricably intertwined" with the state court claims.  <u>See</u> <u>Sheehan v. Marr</u>, 207 F.3d 35, 40 (1st Cir. 2000).  Thus, the federal courts (other than the United States Supreme Court) may not exercise jurisdiction over those claims.

<u>Affirmed.</u>  <u>See</u> 1st Cir. R. 27(c).