**Wendell W. PHILLIPS, Plaintiff–Appellant,**

v.

**LANSING SCHOOL DISTRICT; et al., Defendants–Appellees.**

No. 03–1898.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

Wendell W. Phillips, proceeding pro se, appeals a district court order dismissing his civil action for lack of subject matter

---

jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 27, 2003, Phillips filed a "Motion for De Novo Review," which the district court construed as a complaint, against the Lansing, Michigan, School District and Assistant Superintendent Laurence W. McQueen. Phillips alleged that the Michigan state courts violated his constitutional rights during a prior civil lawsuit that he had filed against the same defendants. Phillips explained that he had been employed by the Lansing School District for twenty-five years until the termination of his employment on March 21, 1997. Following his discharge, Phillips filed suit in the Ingham County, Michigan, Circuit Court against the Lansing School District and McQueen, alleging, inter alia, that the termination of his employment was retaliatory. The trial court granted summary disposition to the defendants and both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. Phillips requested the district court to review the rulings made by the Michigan state courts.

The district court dismissed Phillips's complaint pursuant to the provisions of Fed.R.Civ.P. 12(b)(1), concluding that the court lacked subject matter jurisdiction over the claims asserted in Phillips's complaint. Phillips filed a motion for reconsideration, with two subsequent amendments, which the district court denied. Phillips now appeals. He has filed a motion to supplement the certified record.

We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). When a defendant challenges subject matter jurisdiction through a responsive pleading, the plaintiff bears the burden of establishing jurisdiction. *Id.*

Upon review, we conclude that the district court properly dismissed Phillips's complaint for lack of subject matter jurisdiction. Because Phillips's complaint sought federal court review of state court judgments, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Blanton v. United States*, 94 F.3d 227, 233–34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476. Phillips's complaint merely reflected his dissatisfaction with the state trial court's summary disposition in favor of the defendants and was an attempt to obtain unauthorized federal review of that judgment.

Accordingly, we deny the motion to supplement the record and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.