ROOKER ET AL. *v.* FIDELITY TRUST COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

No. 295. Motion to dismiss or affirm submitted November 26, 1923.—Decided December 10, 1923.

1. Where a judgment has been rendered, after due hearing, by a state trial court, with jurisdiction of the subject matter and parties, and affirmed by the state Supreme Court, the only resort under the

legislation of Congress, for correction of errors in deciding questions involving the Constitution, is to the appellate jurisdiction of this Court.   P. 415.

2. The District Court has no jurisdiction of a suit brought there by the party who was defeated in the state courts, against his successful opponents, all citizens of the same State, to set aside the judgment as void because of errors alleged to have been committed by the state courts in deciding constitutional questions. P. 416.

3. A judge is not disqualified to sit in a case involving the duties of a corporation under a conventional trust merely because of being one of the executors and trustees to whom shares of stock in corporations holding property under like trusts have passed for administration and disposal under a will.   P. 417.

Affirmed.

APPEAL from a decree of the District Court which dismissed a bill for want of jurisdiction.

*Mr. Charles E. Cox,* for appellees, in support of the motion.   *Mr. Henry Seyfried* was also on the brief.

*Mr. William Velpeau Rooker,* for appellants, in opposition to the motion.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is a bill in equity to have a judgment of a circuit court in Indiana, which was affirmed by the Supreme Court of the State, declared null and void, and to obtain other relief dependent on that outcome.   An effort to have the judgment reviewed by this Court on writ of error had failed because the record did not disclose the presence of any question constituting a basis for such a review.   *Rooker* v. *Fidelity Trust Co.,* 261 U. S. 114. The parties to the bill are the same as in the litigation in the state court, but with an addition of two defendants whose presence does not need special notice.   All are citizens of the same State.   The grounds advanced for resorting to the District Court are that the judgment

was rendered and affirmed in contravention of the contract clause of the Constitution of the United States and the due process of law and equal protection clauses of the Fourteenth Amendment, in that it gave effect to a state statute alleged to be in conflict with those clauses and did not give effect to a prior decision in the same cause by the Supreme Court of the State which is alleged to have become the "law of the case." The District Court was of opinion that the suit was not within its jurisdiction as defined by Congress, and on that ground dismissed the bill. The plaintiffs have appealed directly to this court under § 238 of the Judicial Code.

The appellees move that the appeal be dismissed, or in the alternative that the decree be affirmed.

The appeal is within the first clause of § 238; so the motion to dismiss must be overruled. But the suit is so plainly not within the District Court's jurisdiction as defined by Congress that the motion to affirm must be sustained.

It affirmatively appears from the bill that the judgment was rendered in a cause wherein the circuit court had jurisdiction of both the subject matter and the parties; that a full hearing was had therein; that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the State on an appeal by the plaintiffs. 191 Ind. 141. If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. *Elliott* v. *Peirsol,* 1 Pet. 328, 340; *Thompson* v. *Tolmie,* 2 Pet. 157, 169; *Voorhees* v. *Bank*

*of United States,* 10 Pet. 449, 474; *Cornett* v. *Williams,* 20 Wall. 226, 249; *Ex parte Harding,* 120 U. S. 782. Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, §237, as amended September 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Judicial Code, § 24. Besides, the period within which a proceeding might be begun for the correction of errors such as are charged in the bill had expired before it was filed, Act September 6, 1916, c. 448, § 6, 39 Stat. 726, and, as is pointed out in *Voorhees* v. *Bank of United States, supra,* after that period elapses an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.

Some parts of the bill speak of the judgment as given without jurisdiction and absolutely void; but this is merely mistaken characterization. A reading of the entire bill shows indubitably that there was full jurisdiction in the state courts and that the bill at best is merely an attempt to get rid of the judgment for alleged errors of law committed in the exercise of that jurisdiction.

In what has been said we have proceeded on the assumption that the constitutional questions alleged to have arisen in the state courts respecting the validity of a state statute, Acts 1915, c. 62, and the effect to be given to a prior decision in the same cause by the Supreme Court of the State, 185 Ind. 172, were questions of substance, but we do not hold that they were such,—the assumption being indulged merely for the purpose of testing the nature of the bill and the power of the District Court to entertain it.

A further matter calls for brief notice. The bill charges that the judgment of affirmance by the Supreme Court

of the State is void because one of the judges participating therein had an interest in the case which worked his disqualification.   The case related to the duties and obligations of a corporation holding property under a conventional trust.   The facts set forth to show the disqualification are as follows: Three of four years theretofore a citizen of the State had executed a will wherein he designated the judge as one of the executors and trustees under the will.   The testator died about the time the case was submitted to the court, and the will was admitted to probate a day or two before or after the judgment of affirmance.   The judge became an, executor and trustee under the designation in the will.   When the will was executed, and up to the time of his death, the testator owned many shares of stock in corporations holding property under trusts like that in question.   The stock was to pass, and did pass, to the executors and trustees for administration and disposal under the will.   The judge's relation or prospective relation to that estate and to the stocks belonging to it is the sole basis of the charge that he had a disqualifying interest in the case.   We think the facts set forth and relied upon neither support nor tend to support the charge; and we experience difficulty in reconciling its presence in the bill with the care and good faith which should attend the preparation of such a pleading.   Certainly the charge does not change the nature of the bill or require that it be given any effect which it otherwise would not have.

*Decree affirmed.*