**John E. MIDDLETON, on behalf of Rachel Middleton and William Middleton, Plaintiff–Appellant,**

v.

**Virginia BISHOP, also known as Middleton, Robert K. Gayle, Esq., Law Guardian, John Does, Jane Does, Defendants,**

* The Honorable Damon J. Keith, Senior Judge, United States Court of Appeals for the Sixth

**FAMILY COURT, Kings County, Maureen McLeod, Judge, Brooklyn Family Court Judge, County of Kings, Nicholas Scopetta, Comm., Commissioner of Administration for Children Services of New York, Shirley Edwards, Caseworker for Administration of Children Services, Ted Baron, Esq., Special Assistant Corporation Counsel for the City of New York, Defendants–Appellees.**

Docket No. 01–7836.

United States Court of Appeals, Second Circuit.

March 14, 2002.

John E. Middleton, pro se, Brooklyn, NY, for Appellant.

Sachin S. Pandya, Assistant Solicitor General, New York, NY; Eliot Spitzer, Attorney General of the State of New York, Mark Gimpel, Deputy Solicitor General, on the brief, for Appellees.

Present McLAUGHLIN, JACOBS and KEITH,* Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

John Middleton appeals from an order of the United States District Court for the

Circuit, sitting by designation.

Eastern District of New York (Amon, J.) dismissing his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.

We affirm for substantially the reasons stated by the district court in its March 30, 2000 Memorandum and Order dismissing Middleton's complaint with leave to amend and its June 28, 2001 Memorandum and Order dismissing Middleton's amended complaint. Even if Middleton's federal claims against the New York state defendants were not jurisdictionally barred by *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and, separately, by the Eleventh Amendment, Middleton has failed to allege facts with the particularity required to survive a motion to dismiss under Fed. R.Civ.P. 12(b)(6). Middleton's conclusory argument on appeal that Eleventh Amendment immunity and the Rooker–Feldman doctrine should not apply because appellees have "engaged in obstruction of justice" is unsubstantiated and meritless.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.