F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERNEST WELDON YOUNG,

    Plaintiff - Appellant,

v.

CONEJOS COUNTY BOARD OF
COUNTY COMMISSIONERS; ROBERT
L. BAGWELL; GORDON J. BOSA;
STEPHANE WALTER ATENCIO,

    Defendants - Appellees.

No. 02-1559
(D.C. No. 02-N-2149 (BNB))
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ernest Young, appearing pro se, appeals the district court's dismissal of his action for lack of jurisdiction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The Conejos County District Court entered a default judgment against Young for several violations of the Conejos County land use ordinance. Young failed to comply with the judgment and the court held him in contempt. Instead of challenging that ruling within the state court system, Young filed in federal district court a "Verified Complaint to Vacate a Void Order and Judgment" and various motions alleging constitutional violations. The district court dismissed the action sua sponte, relying upon the Rooker/Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

We have carefully reviewed Young's filings with this court, the district court's order, and the record on appeal. We agree that the district court lacked jurisdiction to review purported constitutional violations caused by the state court's order. See Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998) ("The Rooker-Feldman doctrine bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." (Internal quotation omitted.)).

2

AFFIRMED.  Appellees' motion to strike appellant's response to answer brief is
DENIED as moot.


                                        Entered for the Court

                                        Mary Beck Briscoe
                                        Circuit Judge