**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAJANI K. KANTH, as guardian of
minor children Malini Kanth and
Anjana Kanth,

        Plaintiffs-Appellants,

v.

BRUCE LUBECK, Judge; SANDRA
PEULER, Judge; TOM ARNETT,
Commissioner; MICHAEL EVANS,
Commissioner; SUSAN BRADFORD,
Commissioner; AKIKO
KAWAMURA, Guardian Ad Litem;
MARTIN OLSEN, Guardian Ad
Litem; KRISTEN BREWER,
Director, Utah Office of Guardian Ad
Litem; CHRISTINE DURHAM,
Chief Justice, Utah Supreme Court;
NORMAN H. JACKSON, Presiding
Judge, Utah Court of Appeals;
JUDITH M. BILLINGS, Judge, Utah
Court of Appeals; JAMES DAVIS,
Judge, Utah Court of Appeals;
MARK SHURTLEFF, Attorney
General, State of Utah; ROBIN
ARNOLD-WILLIAMS, Director,
Utah Department of Human Services;
MICHAEL BURTON, Judge; CORY
KANTH; JUDY MEYER; MARVIN
MEYER,

        Defendants-Appellees,

   and

No. 04-4080
(D.C. No. 2:03-CV-321-PGC)
(D. Utah)

RONALD NEHRING, Presiding
Judge, Third District Court, Salt Lake
County,

      Defendant.

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **HENRY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Rajani K. Kanth, appearing *pro se* , appeals the district court's

order dismissing his complaint alleging that his civil rights were violated during

the course of his Utah state divorce proceedings. [1] Mr. Kanth's complaint

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Mr. Kanth also purported to bring the complaint on behalf of his two minor children, but the district court correctly ruled that as a non-lawyer parent, appearing *pro se* , he may not represent his minor children in federal court. *Meeker v. Kercher* , 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).

-2-

requested the federal court to assume jurisdiction over the state divorce proceedings, to dismiss the Utah divorce decree, and restore to him full custodial and visitation rights to his two minor children. In his initial complaint, as amended once pursuant to Fed. R. Civ. P. 15(a), Mr. Kanth named as defendants numerous Utah state trial judges, commissioners, and appellate court judges, as well as three attorneys in the Utah Office of Guardian Ad Litem, the Attorney General of the State of Utah, and the Director of the Utah Department of Human Services. [2] He attempted to file five additional amended complaints additionally naming his ex-wife, her parents, and her attorney as defendants. The district court denied these proposed amendments as both improperly filed and futile, and we find no abuse of the court's discretion in this regard. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("district court may deny leave to amend where amendment would be futile.").

The district court dismissed Mr. Kanth's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction, concluding that the *Rooker-Feldman* doctrine bars him from challenging the orders and judgments entered in the state-court proceedings. The *Rooker-Feldman* doctrine is a

---

[2] He also named, but never served, Susan Callister, the principal of Cottonwood Heights Elementary School.

jurisdictional prohibition based on 28 U.S.C. § 1257 which holds that, with the exception of habeas corpus, federal review of state court judgments can be obtained only in the United States Supreme Court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As additional grounds for dismissing the complaint, the district court also noted that (1) it lacked jurisdiction over the claims under the *Younger* doctrine, which bars federal court from interfering with ongoing state court proceedings, *see Younger v. Harris*, 401 U.S. 37 (1971); (2) all of the Utah state defendants in their official capacities were immune from suit under the Eleventh Amendment to the United States Constitution, which bars suits by private citizens against the states in federal court absent waiver; and (3) all of the judicial defendants were absolutely immune from suit because all of Mr. Kanth's allegations against them arose out of actions they took or failed to take in their judicial capacities.

Mr. Kanth contends the district court erred in denying his motion for appointment of counsel; refusing to offer him guidance because of his *pro se* status; denying his motion for preliminary injunction requesting the federal court to assume immediate jurisdiction of the Utah divorce proceedings; failing to replace the magistrate judge for failure to timely rule on his stay motion; failing to allow his complaint to proceed against the defendants in their personal, rather

than official, capacities; failing to hold a hearing; dismissing his complaint and refusing to assume jurisdiction over his complaint. We review de novo the district court's decision to dismiss the case under Rules 12(b)(1) and (6). *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). Contrary to Mr. Kanth's arguments and claim of error, neither this court nor the district court may assume the role of advocate for a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[T]he *Rooker-Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (citations and quotations omitted). It "precludes a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court. . . ." *Id*. (alteration in original) (quotation omitted). Mr. Kanth contends that he is not seeking appellate review of the state court rulings, but restitution of his civil rights. To determine if *Rooker-Feldman applies*, we look to the relief Mr. Kanth seeks, and determine if "the state court judgment *caused*, actually and proximately, the *injury* for which the federal court plaintiff seeks *redress*." *Id*. at 476 (footnote omitted). "If it did, *Rooker-Feldman* deprives the federal court of jurisdiction." *Id*. Despite his attempt to characterize his federal complaint as one

seeking to vindicate his federal constitutional rights, the relief Mr. Kanth seeks is a reversal of the Utah state courts' rulings against him and an award of custodial and visitation rights to his children. Any federal claims are inextricably intertwined with those orders. *See id*. at 476-77.

Mr. Kanth further argues the *Rooker-Feldman* doctrine is inapplicable because, he contends, the Utah courts lacked any jurisdiction over the divorce and custody proceedings since the Utah divorce decree was entered before the United States Supreme Court ruled on his International Child Abduction Remedies Act (ICARA) petition alleging that his children were wrongfully removed from Australia to the United States. This argument is factually and legally without merit. This court affirmed the district court's denial of his ICARA petition in 2000, well before the Utah court entered the divorce decree in 2001. *See Kanth v. Kanth*, No. 99-4246, 2000 WL 1644099 (10th Cir. Nov. 2, 2000), affirming *Kanth v. Kanth*, 79 F. Supp. 2d 1317, 1318-20 (D. Utah 1999). Mr. Kanth did not seek a stay of this court's judgment, and the Supreme Court denied review on June 25, 2001, *Kanth v. Kanth*, 533 U.S. 929 (2001), prior to the August 1, 2001 date that the Utah divorce decree was entered. *See Kanth v. Kanth*, No. 20010718-CA, 2002 WL 31770985, at *1 (Utah App. Dec. 12, 2002) (rejecting same argument, and noting that formal divorce decree not entered until August 1, 2001); *see also* Aplee. Supp. App., at 25.

In short, we agree with the district court, for substantially the same reasons stated in its order filed February 26, 2004, that Mr. Kanth's complaint was properly dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Because the district court lacked subject-matter jurisdiction over Mr. Kanth's complaint, we do not consider the district court's alternative and additional reasons for dismissal. *See United States ex rel. Grynberg v. Praxair, Inc*., 389 F.3d 1038, 1042 (10th Cir. 2004).

The order of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Terrence L. O'Brien
Circuit Judge