

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Eisenstein v. Ebsworth

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Eisenstein v. Ebsworth" (2005). *2005 Decisions.* Paper 859.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/859

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2549
_____

IRWIN R. EISENSTEIN,
                                        Appellant,

v.

MIRIAM EBSWORTH; MAUREEN SOGLUIZZO;
SHERRY L. SILVER, et al, JOHN DOE(S); JANE DOES(S)

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-05867)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2005

Before:  VAN ANTWERPEN, GREENBERG, and NYGAARD, Circuit Judges

(Filed July 13, 2005)
_____

OPINION
_____

PER CURIAM

        Appellant Irwin Eisenstein and Miriam Ebsworth, a defendant in the action below,

were divorced in November 1992.  Eisenstein has vigorously contested the terms of the

divorce for over 10 years, including previously filing suit in federal district court, as set forth in some detail in the opinions of the District Court. As a result, final equitable distribution of the marital property still has not taken place. Eisenstein was subject to a child support order issued by the Superior Court of New Jersey in Essex County. The matrimonial matter eventually had to be transferred to Hudson County because Eisenstein sued several Essex County judges. In October 2003, the Honorable Maureen Sogluizzo of the Superior Court in Hudson County reinstated the child support order. Eisenstein countered by filing suit once again in United States District Court for the District of New Jersey, naming as defendants his ex-wife, the judge, and Sherry L. Silver, his ex-wife's attorney. Eisenstein asked for an order preventing the state court from collecting child support.[1]

The defendants moved to dismiss the complaint. In an order entered on April 26, 2004, the District Court granted Ebsworth's motion to dismiss on the basis that Eisenstein's complaint was inadequate under Rule 8. The court also ordered Eisenstein to show cause why he should not be sanctioned under Rule 11. In an order entered on May 21, 2004, the District Court granted Silver's and Judge Sogluizzo's motions to dismiss, Silver's on the basis of Rule 8 and Judge Sogluizzo's on the basis of the <u>Rooker-Feldman</u>

---

[1] The matrimonial matter, <u>Ebsworth v. Eisenstein</u>, Superior Court of New Jersey, Hudson County, Docket No. FM-09-121-04, is pending in state court.

2

doctrine.[2]  In an order entered on May 27, 2004, the District Court sanctioned Eisenstein under Rule 11, and ordered him to pay $1,396.25 in attorneys fees and costs.  Eisenstein filed a notice of appeal from the orders entered on April 26, May 21, and May 27, and paid the appellate docketing fees, resulting in the instant appeal.[3]  He also filed a motion for reconsideration.  The defendants filed additional requests for money sanctions.  In orders entered on June 8, 2004 and June 16, 2004, the District Court ordered Eisenstein to pay an additional $532.25 and $750.00, respectively.  In an order entered on June 28, 2004, the District Court denied the motion for reconsideration.  Eisenstein filed no further notices of appeal, amended or new.

We will affirm.  We review the dismissal of a case pursuant to Rule 8 for abuse of discretion.  In re: Westinghouse Securities Litigation, 90 F.3d 696, 702 (3d Cir. 1996).  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a), and that each averment be "simple, concise, and direct," Fed. R. Civ. Pro. 8(e)(1).  Eisenstein's complaint was incomprehensible and failed to succinctly set forth the factual basis for the claims and the legal cause of action on which the claims were based.  The

---

[2]  See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[3]  The notice of appeal references an April 26 order and two orders from May 20.  The order entered on May 21 is dated May 20.  There is no other order dated or entered on May 20, but the order entered on May 27 is dated May 26, and we are confidant that Eisenstein sought to appeal this order as well.

3

District Court was not required to grant Eienstein leave to amend his complaint against Ebsworth and Silver, see generally Westinghouse, 90 F.3d at 703, because he has persisted in violating Rule 8 and he has previously been advised about the deficiencies in his complaints.

With respect to the complaint against Judge Sogluizzo, Eienstein plainly stated that he sought to prevent the state court from collecting child support monies pursuant to an order he believes was terminated by a different state court judge. He was asking the District Court to review Judge Sogluizzo's order, or orders, and to find that these orders were in error. This is equivalent to using the federal courts as a forum to appeal a state court judgment and falls squarely within the Rooker-Feldman doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (U.S. 2005).

As to the award of money sanctions, Rule 11 provides: "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. [T]he sanction may consist of, or include, ... if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. Pro. 11(c)(2). We

4

review for abuse of discretion the initial decision to impose sanctions as well as the specifics of fee awards. See Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988).

Before it imposed the sanctions, the District Court made the requisite finding that Eisenstein's complaint violated Rule 11, because he ignored the dismissal of his other civil action, and the *reason* for that dismissal. Our review of the record under the abuse of discretion standard leads us to affirm this finding. There simply was no legal or factual basis for this additional lawsuit for the reasons set forth in the District Court's thorough opinions. With respect to the amount of the sanction, we have cautioned district courts that a particularly relevant equitable factor to consider in sanctioning an individual is his ability to pay. Moreover, courts must be careful not to impose money sanctions so great that they are punitive. Id. at 196. The amount of money awarded in the order entered on May 27 is not insignificant, but Eisenstein's brief on appeal offers no reason to reverse or modify the sanctions ordered by the District Court.

We do not have jurisdiction over the orders entered on June 8, 2004 and June 16, 2004, directing Eienstein to pay additional sanctions in the amount of $532.25 and $750.00. Because Eienstein filed his notice of appeal prior to the quantification of these sanctions, see Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1089 (3d Cir. 1988), he had to file an amended notice of appeal after the sanctions were

quantified, <u>id.</u> at 1089-90, and he did not do so.[4]  We also do not have jurisdiction over the order denying the motion for reconsideration.  <u>Fed.</u> <u>R.</u> <u>App.</u> <u>Pro.</u> 4(a)(4)(B)(ii).

Finally, Eisenstein has filed on appeal a motion "to remand and renew," in which he has argued that the defendants supplied false information to the District Court that resulted in fraud.  This is the same argument Eisenstein made in his motion for reconsideration.  The District Court did not find it persuasive, and neither do we.  We agree with the District Court that there is no merit whatever to Eisenstein's allegations of fraud, misconduct and deception.

We will affirm the orders of the District Court entered on April 26, May 21, and May 27, 2004 over which we have jurisdiction.  Eisenstein's "Rule 28(j) motion," which we construe as a motion to expand the record on appeal, his motion to certify questions of state law to the state supreme court, and his motion to remand and renew, all are denied.

---

[4]  Even if Eisenstein had filed a timely amended notice of appeal of the order quantifying further sanctions, his brief offers no reason to reverse or modify the sanctions ordered by the District Court.