# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3670

_____

| | | |
|---|---|---|
| Robert D. Holloway, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Arkansas State Board of Architects; | * | |
| John D. Harris, individually and in his | * | |
| official capacity as director of the | * | |
| Arkansas State Board of Architects; | * | Appeal from the United States |
| Blake Dunn, individually and in his | * | District Court for the |
| official capacity as a member of the | * | Eastern District of Arkansas. |
| Arkansas State Board of Architects; | * | |
| Steve Miller, individually and in his | * | |
| official capacity as a member of the | * | [UNPUBLISHED] |
| Arkansas State Board of Architects; | * | |
| Beth Leake, individually and in her | * | |
| official capacity as a member of the | * | |
| Arkansas State Board of Architects; | * | |
| Larry Black, individually and in his | * | |
| official capacity as a member of the | * | |
| Arkansas State Board of Architects; | * | |
| Cora Bradshaw, individually and in her | * | |
| official capacity as a member of the | * | |
| Arkansas State Board of Architects; | * | |
| Eugene Levy, individually and in his | * | |
| official capacity as a member of the | * | |
| Arkansas State Board of Architects; | * | |
| Larry McGowan, individually and in | * | |
| his official capacity as a member of | * | |
| the Arkansas State Board of Architects; | * | |
| Jeff Shannon, in his official capacity | * | |

as a member of the Arkansas State
Board of Architects; Larry Jegley, in
his official capacity as prosecuting
attorney for Pulaski County, Arkansas
and the Sixth Judicial District on
behalf of himself and other similarly
situated persons; Mike Beebe, in his
official capacity as Attorney General
for the State of Arkansas Defendants,

        Appellees.

        *
        *
        *
        *
        *
        *
        *
        *
        *
        *
        *

_____

Submitted: June 16, 2005
Filed: June 27, 2006

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Robert D. Holloway brought a 42 U.S.C. § 1983 action in which he claimed that the Arkansas statutes defining the practices of architecture and engineering are unconstitutionally vague, and that the Arkansas State Board of Architects (ASBA) violated his due process rights when it enforced the statutes against him. He filed the complaint after the Arkansas Supreme Court had affirmed the ASBA's enforcement action against Holloway; as relevant to this appeal, the Arkansas Supreme Court rejected Holloway's argument that the statutes are unconstitutionally vague and violated his due process rights as applied to him. See Holloway v. Ark. State Bd. of Architects, 101 S.W.3d 805, 808-12 (Ark. 2003). The district court[1] dismissed the

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

instant section 1983 action as barred by the <u>Rooker-Feldman</u>[2] doctrine, and we affirmed.  <u>See</u> <u>Holloway v. Ark. State Bd. of Architects</u>, 103 Fed. Appx. 76, 76-77 (8th Cir. 2004) (unpublished per curiam).  The case is before us again upon remand from the Supreme Court for further consideration in light of <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280 (2005).  <u>See</u> <u>Holloway v. Arkansas State Bd. of Architects</u>, 544 U.S. 957 (2005).  After careful consideration of <u>Exxon Mobil</u> and the parties' supplemental briefs, we once again affirm.

Regardless whether the <u>Rooker-Feldman</u> doctrine applies in this case, Holloway's action cannot survive application of Arkansas's issue-preclusion rules, because the Arkansas Supreme Court in <u>Holloway v. Ark. State Bd. of Architects</u> specifically considered and rejected the very arguments upon which the instant section 1983 action is premised.  <u>See</u> <u>Exxon Mobil Corp.</u>, 544 U.S. at 293 (disposition of federal action, once state-court adjudication is complete, is governed by preclusion law, and federal court must give same preclusive effect to state-court judgment as another court of that state would give); <u>Johnson v. Union Pac. R. R.</u>, 104 S.W.3d 745, 750 (Ark. 2003) (collateral estoppel or issue preclusion bars relitigation of issues of law and fact previously litigated by a party; "elements of collateral estoppel are:  (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment"; mutuality of parties is not required).  Although Holloway argues that Count V of his action is not barred because it seeks prospective relief, collateral estoppel applies nonetheless, because his claim is still premised on an assertion that the Arkansas statutes are unconstitutionally vague, an issue that was resolved against him by the Arkansas Supreme Court.

---

[2]<u>See</u> <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923); <u>D. C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

Accordingly, we affirm.

_____