CLD-210                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1938, 10-1939, 10-1940, 10-1941 and 10-1942
_____

DONALD M. PARKS, JR, an adult individual.;
JOHN W. PARKS; ARLENE PARKS, an adult individual;
DARLENE PARKS, an adult individual;
VIRGINIA PARKS, an adult individual

v.

TOWNSHIP OF PORTAGE, CAMBRIA COUNTY, a municipal corporation;
CALVIN J. WEBB, JR., in both his professional and personal capacity;
LISA FLYNN, in both her professional and personal capacity;
JAMES KOVACH, professional and personal capacity; CAMBRIA COUNTY
CHILDREN AND YOUTH SERVICES, an administrative Agency;
KATHY GORBA, in her professional and personal capacity;
STEVE NELSON, in both his professional and personal capacity;
PENNSYLVANIA DEPARTMENT OF AGRICULTURE, a state entity;
MARK MILLER, in both his professional and personal capacity;
CAMBRIA COUNTY SHERIFF DEPARTMENT;
JACOB KEHEN, in both his professional and personal capacity;
DEPUTY CURRY, in both his professional and personal capacity;
CAMBRIA COUNTY HUMANE SOCIETY;
CAROLYN WILLS, in both her professional and personal capacity;
CAMBRIA COUNTY MENTAL HEALTH SERVICES;
PENNSYLVANIA STATE POLICE F TROOP;
TROOPER LANE, in both his professional and personal capacity; ROBERT KUNKO;
ELWOOD SELAPACK, in both his professional and personal capacity;
KENNETH TRIMBATH, in both his professional and personal capacity;
SCOTT BRUNNETT, an adult individual; NANCY BEHE, an adult individual;
JOHN BEHE, an adult individual; THELMA BECK, an adult individual;
WILLIAM BECK, an adult individual; ROBERT BECK, an adult individual;
GALEN DECORT, J.D., in both his professional and personal capacity

Donald M. Parks, Jr., Appellant in No. 10-1938
John W. Parks, Appellant in No. 10-1939

Arlene Parks, Appellant in No. 10-1940
Darlene Parks, Appellant in No. 10-1941
Virginia Parks, Appellant in No. 10-1942

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 10-cv-00075)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2) or
Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 4, 2010

Before:  BARRY, FISHER and GREENAWAY, <u>Circuit</u> <u>Judges</u>.

(Filed: June 28, 2010)

_____

OPINION
_____

PER CURIAM.

Donald M. Parks, Jr., commenced this action in the United States District Court for

the Western District of Pennsylvania by filing a pro se complaint on behalf of himself and

his four adult siblings, seeking damages from the numerous named defendants due to

actions that culminated in the razing of an unsanitary dwelling owned by the Parks family

which was being maintained in violation of state and local laws.

Parks's complaint makes numerous references to the judicial proceedings in

Pennsylvania state court that resulted in the razing of the family home.  Although the

record of those proceedings was not attached to the complaint, this Court can, and will, take judicial notice of the publicly available opinions rendered by the state courts in those proceedings, as they provide the relevant background to the present suit. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (explaining that the "court may take judicial notice of a prior judicial opinion"); see also Lumen Const. v. Brant Const., 780 F.2d 691, 697 (7th Cir. 1985) ("[T]he official record of the parallel state case is a proper object for judicial notice.").

In July 2006, the Cambria County Court of Common Pleas issued an order at the request of the Township of Portage enjoining the Parks family from maintaining a dangerous condition on their property, and requiring them, inter alia, to bring the property into compliance with state and local laws within 60 days. The evidence introduced by the Township established "deplorable living conditions [on the property], including, a rotten front porch supported only by refrigerators and debris, 40 malnourished and unkempt dogs inside the house and 7 outside, several feet of animal feces on the floor of the house, garbage stacked to the ceiling, no indoor or outdoor bathroom facilities, brown slime/mold on the interior walls, visible signs of rodent infestation . . ., and a strong ammonia odor emanating from the house." 9/8/06 Rule 1925(a) Op. at 1-2, Case No. 2006-2589, Ct. of Common Pleas, Cambria County.

The Commonwealth Court affirmed the trial court's injunction, finding that a "[r]eview of the record shows a clear right to relief in the Township, which presented

3

ample evidence that Appellants violated nuisance ordinances," and that "[t]he evidence is overwhelming that Appellants' property conditions created a public nuisance." 7/20/07 Commw. Ct. Op. at 7, Case No. 2193 C.D. 2006. The Pennsylvania Supreme Court denied allowance to appeal on November 1, 2007.

After additional proceedings, the Court of Common Pleas entered an order on December 24, 2008, affording the Parks until December 28, 2008, to remove personal items from the property, in advance of the scheduled razing of the home on December 29, 2008. The Commonwealth Court quashed the Parks's appeal of that ruling, and the Pennsylvania Supreme Court denied allowance of appeal on October 7, 2009. The Parks's dwelling was razed on April 14, 2010.

Donald Parks filed his complaint in the present matter on March 16, 2010, after the conclusion of the state court proceedings. He also moved for a preliminary injunction to stop the razing of the home pending review. The District Court dismissed the complaint sua sponte and denied the request for injunctive relief. It noted that, because Donald Parks is not an attorney, he cannot represent his four siblings. Further, the District Court concluded that it lacked subject matter jurisdiction over the suit, and it dismissed the complaint for that reason. The Parks family timely moved for reconsideration. They also each timely filed separate notices of appeal from the District Court's final judgment. The District Court subsequently denied the reconsideration motion. Each appellant sought and has received permission to proceed in forma pauperis on appeal.

4

We have appellate jurisdiction under 28 U.S.C. § 1291 to review the District Court's order dismissing the complaint.[1] "Whether subject matter jurisdiction exists is a question of law, and thus our standard of review is de novo." In re W.R. Grace & Co., 591 F.3d 164, 170 n.7 (3d Cir. 2009). After a careful review of the record, we conclude that these appeals present "no substantial question," 3d Cir. L.A.R. 24.7, I.O.P. Ch. 10.6, and thus we will summarily affirm the District Court's judgment.

As a non-attorney, Donald Parks was authorized to represent himself before the District Court, but he was not permitted to represent his siblings. See 28 U.S.C. § 1654; Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Accordingly, the District Court properly dismissed John, Arlene, Darlene, and Virginia Parks from the suit given that those plaintiffs had not retained counsel or elected to proceed pro se. The appeals taken by those siblings (C.A. Nos. 10-1939, 1940, 1941, and 1942) are therefore without merit.

Donald Parks, the only proper plaintiff, is the appellant in C.A. No. 10-1938. The District Court held that the allegations in Donald's complaint cannot support an exercise of federal subject matter jurisdiction. Although the District Court failed to explain the basis for its holding in any detail, the record is clear that the complaint was subject to

---

[1]We do not have jurisdiction to review the later order denying the motion for reconsideration, as none of the appellants filed a notice of appeal or an amended notice of appeal from that order. See Fed. R. App. P. 4(a)(4)(B)(ii).

dismissal for lack of subject matter jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine,[2] and thus we will affirm the dismissal on that basis. <u>See</u> <u>Fairview Twp. v. EPA</u>, 773 F.2d 517, 525 n.15 (3d Cir. 1985) (explaining that this court may affirm a district court's judgment on any basis that finds support in the record).

"The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." <u>In re Madera</u>, 586 F.3d 228, 232 (3d Cir. 2009) (quotation marks omitted). "The *Rooker-Feldman* doctrine is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.'" <u>Id.</u> (quoting <u>FOCUS v. Allegheny County Ct. of Common Pleas</u>, 75 F.3d 834, 840 (3d Cir. 1996)). Thus, "a claim is barred by *Rooker-Feldman* . . . if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." <u>In re Madera</u>, 586 F.3d at 232 (quotation marks omitted).

At its core, Donald's complaint seeks to overturn the state trial court's factual findings and its determination that the Township had a right to raze the home for violations of state and local laws. Among the numerous assertions in the complaint,

---

[2] <u>See</u> <u>Dist. of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

Donald contends that: he and his siblings in fact complied with instructions to vaccinate the dogs living on the property; Donald in fact attempted to clean up his junk yard adjacent to the home; the various complaints lodged by officials about conditions on the property were "frivolous;" officials conducted "warrantless" searches (even though copies of the warrants used are in the state court record); the state trial court erred in failing to appoint counsel to represent Donald and his siblings;[3] the state trial court erred in failing to give credence to the petition signed by local residents to save the Parks's home, rather than to the petition signed by others to have the home destroyed; the state trial court erred in allowing "questionable expert testimony" by an engineer retained by the Township; and the state courts "grossly failed to fairly review this case."[4]

Granting the relief sought by Donald in this suit would require the District Court to find that the state court's legal and factual determinations are erroneous, and thereby

---

[3]We note that civil litigants do not have a federal right to court-appointed counsel. See Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997).

[4]Similarly, in his motion for an injunction to stop the razing of the home, Donald argued that the state court order is "based on [a] questionable expert opinion by a[n] engineer [who] was never in the premises to make such determination and credibility of his testimony [i]s questioned." (Docket #2 at ¶ 2.) Donald asked the District Court to "hear this case and determine if the [state court] Order is warranted," and he sought an injunction "until the federal courts have the opportunity to review all facts in this case to determine ... if the action was even justified pursuant to the ord[in]ances in the Township from the onset date of the action." (Id. at ¶ 5.) We note that Donald's request for an injunction was rendered moot by the subsequent razing of the home. See Scattergood v. Perelman, 945 F.2d 618, 621 (3d Cir. 1991) ("[W]hen the event sought to be enjoined in a preliminary injunction has occurred, an appeal from the order denying the preliminary injunction is moot.").

render that judgment ineffectual.  See FOCUS, 75 F.3d at 840; see also Taliaferro v.

Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (Rooker-Feldman applies "if

the relief requested effectively would reverse a state court decision or void its ruling").  A

federal district court has no authority to conduct appellate review of a judgment rendered

by the state courts; such review must be sought directly in the United States Supreme

Court.  In re Madera, 586 F.3d at 232.  The District Court, therefore, properly dismissed

Donald's complaint for lack of federal subject matter jurisdiction.

III.

    For the foregoing reasons, we will affirm the District Court's judgment.[5]

_____

[5]Donald's motion for an "emergency injunction" in the appeal at No. 10-1938, and the motions filed by each appellant for "contempt," are denied.  The motion by certain of the appellees in No. 10-1938 for summary affirmance is denied as moot.