**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4196
_____

TONY A. WILSON,

Appellant

v.

MARK S. DOWS, (Executive Director)
As a member of the Pennsylvania Board of Law Examiners-
general challenge to Pa. B.A.R. 213(a), and The State Law of
Pennsylvania Board of Law Examiners is not being sued

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-02219)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 10, 2010

Before: SMITH, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2010)

_____

OPINION
_____

PER CURIAM

    Tony Wilson appeals pro se from the order of the United States District Court for

the Middle District of Pennsylvania dismissing his civil rights complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[1]

On December 4, 2008, Wilson received a letter from Mark Dows, the Executive Director of the Pennsylvania Board of Law Examiners ("PBLE" or "Board"), notifying Wilson that he lacked the requisite character and fitness for admission to the Pennsylvania Bar. On December 11, 2008, he filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that, although he passed the bar examination, the PBLE wrongly denied him admission to the bar pursuant to Rule 213(a) based on character and fitness.

According to Wilson's Complaint, which we summarize here, the Board based its denial of admission solely on prior negative evaluations of Wilson's character and fitness conducted by the Florida and Connecticut bars. Wilson alleges that the doctrine of *res judicata* precludes the PBLE from basing its denial of his application for admission to the Pennsylvania bar upon the same alleged misbehavior that was tacitly condoned by the United States District Court for the Middle District of Florida.[2] He also maintains that

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

[2] In 2002, Wilson brought a lawsuit—unrelated to the instant case—in the Middle District of Florida. During the pre-trial litigation of that lawsuit, the district court imposed certain restrictions upon Wilson, apparently as a result of frivolous filings by Wilson. For example, the district court ordered Wilson to refrain from filing any further motions for summary judgment after Wilson had already filed several such motions (all of which were dismissed). Wilson subsequently disobeyed the district court and filed yet another motion for summary judgment. The opposing party then filed a motion with the district court asking that Wilson be held in contempt for his violation of the district court's restriction. Ultimately, the district court issued an order denying Wilson's motion

2

Pa. B.A.R. 213 is unconstitutional because the Rule fails to impose a duty on the PBLE to provide bar applicants with adequate notice of the reasons why they were refused admission to the bar. Dows's letter, Wilson claims, was constitutionally deficient because it failed to apprise him of the grounds for finding that he lacked the requisite character and fitness. Wilson alleges constitutional violations of equal protection, due process, the First Amendment, res judicata, and full faith and credit. He seeks federal oversight of the PBLE's actions and that of its executive director in order to protect Wilson's equal protection and due process rights. He requests declaratory and injunctive relief enjoining the executive director or the Board from (1) using as evidence at Wilson's hearing the charges relied on by the Florida and Connecticut bar examiners in their bar admission proceedings, and (2) basing its decision to deny admission to the Pennsylvania Bar on such evidence.

Mark Dows filed an Answer and a motion for judgment on the pleadings, arguing that Wilson's constitutional claims failed to state a claim upon which relief could be granted. Dows also contended that Wilson's lawsuit was barred by the Eleventh

for summary judgment, and also denying the opposing party's motion for contempt. According to Wilson, the PBLE based its denial of his bar application upon the very same actions that were the basis for the motion to hold him in contempt in the 2002 litigation. Wilson therefore argues that since the district court in the 2002 case already tacitly condoned those actions by refusing to hold him in contempt, the PBLE is barred under *res judicata* from relying on those actions to deny him admission to the Pennsylvania bar.

We need not reach the merits of Wilson's *res judicata* argument because we dispose of the appeal on other grounds.

3

Amendment, and that § 1983 barred Wilson's claims for injunctive relief against him, because he was acting as a judicial officer in preliminarily denying admission to the Pennsylvania Bar based on character and fitness. Wilson responded and Dows replied.

The Magistrate Judge issued a Report recommending that the matter be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and the Rooker-Feldman doctrine. The Magistrate Judge also found that, to the extent that Wilson's bar admission proceedings were pending, the District Court should abstain from exercising its jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). Wilson objected, asserting, among other things, that he was not "a state court loser" because Dow's decision was not a state court decision to which Rooker-Feldman applied, and that his case fit into one of the exceptions to the Younger doctrine. The District Court overruled Wilson's objections, adopted the Magistrate Judge's Report, and dismissed Wilson's Complaint pursuant to Rule 12(h)(3) and Rooker-Feldman. Wilson filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (stating standard of review for dismissal under Rooker-Feldman doctrine); Gwynedd Props. Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1199 (3d Cir. 1992) (stating standard of review over legal determinations as to whether Younger abstention requirements are met). We will affirm, albeit for different reasons. In re Mushroom

4

Transp. Co., 382 F.3d 325, 344 (3d Cir. 2004) (court of appeals may affirm on different grounds than those relied on by district court).

The District Court applied Rooker-Feldman in Wilson's case, mistaking it as a doctrine of broad application. Rooker-Feldman is restricted in its application only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, the District Court overlooked the fact that there is no state court judgment in Wilson's case — there is only Dows's letter informing Wilson of the preliminary denial of admission to the bar and notifying him of his right to a hearing.[3] Simply put, Wilson is not a state-court loser. A ruling by the District Court in Wilson's case, whether in his favor or not, could not implicate a Pennsylvania state court decision because none exists. See e.g., Gulla v. N. Strabane Twp., 146 F.3d 168, 173 (3d Cir. 1998) (holding that Rooker-Feldman did not apply because "the state court could not and did not adjudicate the merits of their constitutional claims"). Hence, we conclude that the Rooker-Feldman

---

[3] The lack of a state court judgment distinguishes Wilson's case from the cases the District Court relied on. Notably, in Pawlak v. Pennsylvania Board of Law Examiners, Civ. A. Nos. 93-1998, 93-2724, 1995 WL 517646, (E.D. Pa. Aug. 30, 1995), and in Wilson's civil case challenging the denial of admission to the Florida bar, Wilson v. Gavagni, Civ. A. No. 08-00361, 2009 WL 3055348 (N.D. Fla. Sept. 21, 2009), before filing suit in federal court, the petitioners had completed the procedural process set forth in the Bar rules, ending in the denial of their petitions to the state supreme court.

doctrine does not preclude the District Court from considering Wilson's claims.

We agree with the Magistrate Judge's conclusion, however, that so long as Wilson's bar admission is pending final decision in state proceedings, the District Court should abstain under Younger from exercising its jurisdiction over Wilson's claims for declaratory and injunctive relief.[4] The Younger abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The doctrine has been extended to apply to "state administrative proceedings in which important state interests are vindicated. . . ." Ohio Civil Rights Comm'n v. Dayton Christian Sch. Inc., 477 U.S. 619, 627 (1986); see also O'Neill v. City of Philadelphia, 32 F.3d 785, 789 (3d Cir. 1994).

Abstention under Younger is warranted when (1) there is a pending state proceeding that is judicial in nature; (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding for the plaintiff to raise his constitutional challenges.[5] Middlesex County Ethics Comm., 457 U.S. at 432.

---

[4] On December 9, 2008, Wilson formally requested a hearing before the Board pursuant to Rule 213(b) of the Pennsylvania Bar Admission Rules. The hearing was originally scheduled for January 8, 2009. After he filed his lawsuit in the District Court, however, Wilson sought an indefinite postponement of the PBLE hearing, which Dows agreed to, stating that the hearing would be postponed "until you [Wilson] advise me that you are ready to proceed." (See Doe's Reply Brief in Support of Motion for Judgment on the Pleadings, Exh. "D-3.")

[5] Younger abstention is not properly applied in cases where "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment; or (2) some

All three factors are present in Wilson's case. Wilson's case is pending before the Board of Law Examiners, which acts as an arm of the court in overseeing bar admission and in conducting hearings. See Appeal of Murphy, 393 A.2d 369, 371 (Pa. 1978) ("The admission of a person to practice law in this state is and always has been a judicial function, exercised now exclusively by the Supreme Court, with the aid of the State Board of Law Examiners"). Pennsylvania has an extremely important interest in regulating admission to the bar, as it has in enforcing professional discipline among the members of the bar. See Middlesex County Ethics Comm., 457 U.S. at 434. Moreover, Wilson has an opportunity to raise his constitutional claims and have them decided in a timely manner by the Pennsylvania Supreme Court. Thus, the District Court should abstain from interfering with the ongoing bar admission proceedings, in the absence of bad faith, harassment, or other exceptional circumstances.[6]

Accordingly, we will affirm the District Court judgment.

---

other extraordinary circumstances exist such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant immediate potential for irreparable harm to the federal interests asserted." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). There is no evidence on this record that either exception applies in Wilson's case.

[6] We also conclude that the matter is not ripe for review given the preliminary nature of the denial of bar admission and the lack of prejudice to Wilson at this juncture in the proceedings.