NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3045
_____

DANIEL KING,

Appellant

v.

JUDGE CHARLES B. BURR, II, Individually;
RIVER WATCH CONDOMINIUM OWNER'S ASSOCIATION
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-17-cv-02315)
District Judge: Hon. Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 14, 2018
_____

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges.

(Filed: March 15, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Plaintiff Daniel King appeals the District Court's order dismissing his complaint against Defendants Judge Charles B. Burr, II and Riverwatch Condominium Owner's Association ("Riverwatch") for lack of subject matter jurisdiction. Because the District Court properly dismissed the complaint pursuant to the Rooker-Feldman doctrine, we will affirm.

I

This case arises out of litigation between King and Riverwatch concerning repairs and damage to King's condominium. In 2008, an arbitral panel awarded King approximately $3,500. In a subsequent bench trial in the Court of Common Pleas in June 2010—before Judge Burr—Riverwatch obtained a judgment for approximately $8,500 (the "June 2010 Order"). King filed post-trial motions on July 2, 2010, but before the court ruled on them, King appealed to the Superior Court. On July 28, 2010, the court dismissed King's post-trial motions with prejudice (the "July 2010 Order"). King moved for reconsideration of the July 2010 order, which the court denied. King appealed that order, and the Commonwealth Court affirmed and remanded for a determination of the attorney's fees King owed Riverwatch (the "July 2011 Order"). King filed multiple petitions to appeal to the Pennsylvania Supreme Court, but each was denied.

Judge Burr presided over the bench trial regarding attorney's fees and, in February 2014, entered judgment in Riverwatch's favor for approximately $30,000 (the "February 2014 Order"). King again filed post-trial motions and appealed the order awarding attorney's fees, which was affirmed. The Court of Common Pleas denied and dismissed

2

as moot his post-trial motions on April 1, 2014 (the "April 2014 Order"). King thereafter filed numerous appeals to the Commonwealth Court and the Pennsylvania Supreme Court, but none was successful. King also filed a petition for a writ of certiorari in the United States Supreme Court, which was denied. King v. Riverwatch Condo. Owner's Ass'n, 138 S. Ct. 520 (2017).

In May 2017, King commenced this action in the District Court, alleging that (1) his due process and equal protection rights were violated, (2) Judge Burr lacked jurisdiction, and (3) Riverwatch was seeking to enforce void orders. The District Court granted Defendants' Rule 12(b)(1) motion to dismiss, holding that the Court lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine because King was improperly challenging state court judgments. King v. Burr, Civ. No. 2:17-cv-02315-MMB, 2017 WL 3705872, at *3-5 (E.D. Pa. Aug. 24, 2017). King appeals.

## II[1]

King argues the Rooker-Feldman doctrine does not apply, and the District Court should not have dismissed his complaint, because the underlying state orders are void. Specifically, he claims (1) the June 2010 and February 2014 orders are void because the Court of Common Pleas entered judgment before post-trial motions were due; (2) the July 2010 and April 2014 orders are void because the Court of Common Pleas entered them after appeals were taken; and (3) the July 2011 Order is void because the

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over questions of subject matter jurisdiction. PennMont Sec. v. Frucher, 586 F.3d 242, 245 (3d Cir. 2009).

Commonwealth Court did not have jurisdiction. He also asserts the July 2010 and April 2014 Orders were not final orders. We need not evaluate the validity of the orders King challenges because the Rooker-Feldman doctrine bars his claims.

When a plaintiff sues in federal court after filing suit in state court, the Rooker-Feldman doctrine[2] prohibits a district court from exercising jurisdiction in certain circumstances. The doctrine is restricted to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, for the doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (brackets omitted) (quoting Exxon Mobil, 544 U.S. at 284). All of these requirements are met here.

First, as the procedural history demonstrates, there is no question that King lost in state court. Second, he complains of injuries caused by those state-court judgments because his claims focus on the harm the courts' allegedly void orders have caused him.

---

[2] The doctrine takes is name from the Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Indeed, King asserts that "[t]his case involves disputes concerning . . . Judge Burr's orders or judgments and the enforcement thereof in violation of plaintiff's due process and equal protection rights because they were entered when . . . Judge Burr's lack of jurisdiction was patent and obvious on the face of the record." Appellees' Supp. App. 24. Thus, the source[s] of the plaintiff's injury" are orders and judgments of the Pennsylvania state courts. Great W. Mining & Mineral Co., 615 F.3d at 166. Third, the orders and judgments about which King complains were rendered before he filed suit in federal court: his claims concern the June 2010, July 2010, July 2011, February 2014, and April 2014 Orders, all of which were rendered well before he commenced this case in 2017. Finally, he is inviting federal review and rejection of the state-court orders because he asserts the underlying orders are void. As the District Court observed, "King's claims were already evaluated by the appropriate Pennsylvania appellate courts. By retaining jurisdiction, [the District Court] would be reviewing and rejecting the judgments of these courts," and "granting King the injunctive relief and damages he seeks would contradict the numerous state-court judgments that found King's jurisdictional arguments unpersuasive, effectively rejecting and overruling these decisions in contravention of the Rooker-Feldman doctrine." King, 2017 WL 3705872, at *5. Because all four requirements of the Rooker-Feldman doctrine are met, the District Court properly dismissed King's complaint.

III

For the foregoing reasons, we will affirm.

5