**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1967**

WELLINGTON DICKENS, III,

Plaintiff - Appellant,

v.

DURHAM COUNTY,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cv-00005-WO-JEP)

Submitted:  April 29, 2020                                        Decided:  May 6, 2020

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wellington Dickens, III, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wellington Dickens, III, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice Dickens' 42 U.S.C. § 1983 (2018) complaint under 28 U.S.C. § 1915(e)(2)(B) (2018).[1] We affirm.

As a threshold matter, we disagree with the district court's decision that it was either required to abstain from or was barred from exercising jurisdiction in this case. We conclude, in fact, that none of the three jurisdictional barriers the district court applied is appropriate here. The domestic relations exception does not apply because the purported basis of the court's jurisdiction was not diversity but a federal statute and the federal Constitution. *See United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997) ("The [domestic relations] 'jurisdictional exception,' in the first place, is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction."). It was also not necessary for the court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because Dickens did not seek interference with state proceedings. *See Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015). And the court was not barred by the *Rooker-Feldman*[2] doctrine because

---

[1] The district court's order is final and appealable because, in light of the court's jurisdictional rulings, Dickens could not save the action merely by amending his complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 625-26 (4th Cir. 2015).

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

Dickens did not seek review of a state court judgment. *See Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 319-20 (4th Cir. 2016).

However, in addition to the jurisdictional bases for dismissal, the district court also found that at least some of Dickens' claims failed on the merits. Moreover, we have the power to affirm a dismissal "on any basis fairly supported by the record." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted). After a review of the record, we conclude that the district court did not err in dismissing Dickens' complaint under 28 U.S.C. § 1915(e)(2)(B) because Dickens failed to state a claim on which relief can be granted.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*