**Charla BIKMAN, Plaintiff–Appellant,**

v.

**Fern A. FISHER**, in her capacity as Administrative Judge of the Civil Court of the City of New York, **Laurie S. Lau**, in her capacity as Housing Court Referee, **Lucindo Suarez**, in his capacity as Justice of the Appellate Term of the New York State Supreme Court, **William P. McCooe**, in his capacity as Justice of the Appellate Term of the New York State Supreme Court, **Phyllis Gangel–Jacob**, in her capacity as Justice of the Appellate Term of the New York State Supreme Court, and **595 Broadway Associates, Defendants–Appellees.**

No. 07–2047–cv.

United States Court of Appeals, Second Circuit.

March 17, 2009.

Charla Bikman, pro se.

Sasha Samberg–Champion, Assistant Solicitor General (Michael S. Belohlavek, Senior Counsel, Division of Appeals & Opinions, of counsel) for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges, Hon. DENNY CHIN,[1] District Judge.

### SUMMARY ORDER

Plaintiff-appellant Charla Bikman, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Baer, J.), dismissing Bikman's complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts and procedural history of this case.

The district court applied the doctrine outlined in *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

---

462, 482–86 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), to find that it had no subject matter jurisdiction, and Appellant contends that the doctrine did not apply to her complaint. Contrary to Appellant's arguments, her claims fall squarely within the *Rooker–Feldman* doctrine, as (1) she clearly lost in state court; (2) her purported injuries were caused directly by the state court's judgment; (3) the relief she sought from the district court was to review the substance of the state court's decision; and (4) the Housing Court judgment was rendered and affirmed by the Appellate Division of the New York Supreme Court prior to Bikman filing her complaint in district court. *See McKithen v. Brown,* 481 F.3d 89, 97 (2d Cir.2007) (citing *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir.2005)).

Appellant nonetheless asserts that the *Rooker–Feldman* doctrine did not apply because the Housing Court decision was void and rendered without jurisdiction. Whether the Housing Court had jurisdiction to enter the judgment was an argument that Appellant should have presented on appeal to the Appellate Division, and she has provided no explanation for why the argument was not presented at that time.

█ Appellant also contends that she had a constitutional right to *res judicata,* which the Housing Court violated, and that she could not have raised this constitutional claim in state court. In support of her assertions, Appellant cites *Federated Department Stores v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). However, contrary to Appellant's argument, that case does not indicate that *res judicata* is an independent fundamental right that forms the basis of a constitutional claim, and we have found no other cases to support that conclusion.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.