

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2009

# Pondexter v. Alghny Cty Housing

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4432

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Pondexter v. Alghny Cty Housing" (2009). *2009 Decisions*. Paper 1459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4432
_____

EARL A. PONDEXTER; TARRIS K. PONDEXTER,

Appellants

v.

THE ALLEGHENY COUNTY HOUSING AUTHORITY; FRANK AGGAZIO;
KATHERINE DOHERTY; PATRICIA CASLIN; JACK MCGRAW; TOM MCPOYLE;
MARY NAU; MARIA FARRIS; DEBRA MARTIN; JIM QUINN, et al and their
Successor; JAMES T. ZAPF; LINDA VICARI; NANCY METZER; ROBERT
BITTNER, et all and their successors; THE DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, the Secretary; ALPHONSO JOHNSON; RICHARD
NEMOYTIN; RICHARD PAYNE; PHEOBE BUCHANN; STEVE PIAKEN,
Defendants et al and their Successors; HOME PROPERTIES/GREEN MEADOWS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 04-0536)
District Judge: Honorable Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2009

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 29, 2009 )

_____

OPINION

_____

PER CURIAM

Earl A. Pondexter appeals from orders of the United States District Court for the Western District of Pennsylvania granting certain defendants' motion to dismiss and the remaining defendant's motion for summary judgment.

In November 2004, Pondexter filed a civil action on his own behalf and on behalf of his son, Tarris, against the Allegheny County Housing Authority ("ACHA"), the U.S. Department of Housing and Urban Development ("HUD") and a private landlord, Home Properties, Inc. and Green Meadows ("Green Meadows"), asserting a number of claims under a variety of federal anti-discrimination statutes. In the complaint, Pondexter alleges that ACHA offered him a Section 8 voucher for use at the Green Meadows apartments in Baldwin, Pennsylvania, and Pondexter accepted. Green Meadows and ACHA entered into a Housing Assistance Payment ("HAP") contract through which Green Meadows agreed to accept the Section 8 voucher as part of Pondexter's payment. On November 28, 2001, Pondexter was assaulted on the premises of Green Meadows. Defendants took no remedial action and failed to accommodate his request to relocate.[1] Green Meadows filed a complaint against Pondexter in the Court of Common Pleas on February 15, 2002, to

---

[1] In a brief responding to defendants' motion to dismiss and during oral argument, Pondexter explained that the assault violated his right to "quiet covenant." Pondexter was either unable or unwilling to pay rent for his unit. Green Meadows also allegedly disposed of $7,000 worth of the Pondexters' property. (See Tr., 22:6-7.)

recover allegedly unpaid rent.[2] Pondexter alleges that defendants breached the HAP contract and the Pondexters' lease, that HUD and ACHA were responsible for ensuring that Green Meadows properly administered plaintiffs' Section 8 vouchers, and that Green Meadows committed fraud on the state courts. Pondexter also alleges in the complaint that he was entitled to assistance on the ground that he was a victim of a crime, that HUD was obligated to pay the remainder of rent due after his contribution, and that ACHA was obligated to pay his costs of relocation when he was unlawfully evicted.

All defendants moved to dismiss the complaint. The District Court granted HUD's motion on the ground that Pondexter has no private right of action against HUD, and that HUD was not liable for failing to supervise the contract between Green Meadows and ACHA. (Tr., at 2:6-2:12.) The District Court also granted Green Meadows' motion on the basis of the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923) and <u>Dist. of Columbia Ct. App. v. Feldman</u>, 460 U.S. 462, 483-84 (1983). Finally, the District Court dismissed Tarris as a plaintiff on the ground that Pondexter, a non-attorney appearing pro se may not represent his minor child in federal court. <u>Osei-Afriyie v. Med. Coll. of Pa.</u>, 937 F.2d 876, 883 (3d Cir. 1991).

The District Court permitted Pondexter's suit to proceed against ACHA and directed Pondexter to file an amended complaint alleging racial discrimination.

---

[2]The Court of Common Pleas awarded Green Meadows possession of the unit and charged Earl Pondexter all monies owed. (<u>See</u> HUD Mot. to Dismiss, Ex. E (Dkt. # 36-6.) In so doing, it found the eviction lawful.

3

Pondexter filed an amended complaint alleging racial discrimination and retaliation under various federal statutes, including 42 U.S.C. §§ 2000d, 1981, 1983, 1985-1986. Pondexter moved for summary judgment as well as judgment as a matter of law and judgment on the pleadings; ACHA also moved for summary judgment. The District Court granted ACHA's motion for summary judgment as to all claims, and Pondexter appealed.[3]

On appeal, Pondexter alleges that Green Meadows fraudulently procured an eviction judgment against him in state court, based on his purported failure to pay rent. In the course of establishing the legality of the eviction, Green Meadows asserted in state court that Pondexter was responsible for $520 in monthly rent, when in fact, Pondexter asserts, his monthly rent was only $144. He claims that the state court trial judge failed to review the record properly and instead relied on Green Meadows' erroneous submission. Pondexter asserts that because he was not actually in breach of his lease, he should not have been evicted, and ACHA should have continued making Section 8 payments under the HAP. He also asserts that Green Meadows' conduct violates federal law.[4]

---

[3]We have jurisdiction under 28 U.S.C. § 1291. We review orders granting a motion to dismiss or summary judgment de novo. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008); MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005).

[4]Tarris Pondexter is now an adult and has properly appealed from the order of the District Court dismissing him from the case. We will affirm the District Court's order under Osei-Afriyie because Tarris was a minor at the time of the District Court's order.

The District Court correctly determined that it lacked jurisdiction under the Rooker-Feldman doctrine to consider certain of Pondexter's claims against Green Meadows, which would undermine the state court's judgment that his eviction was lawful. However, the District Court also invoked Rooker-Feldman beyond its application. The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review a state court adjudication in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Turner v. Crawford Sq. Apts. III, L.P., 449 F.3d 542, 547 (3d Cir. 2006)(quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). The doctrine applies to claims actually raised in state court as well as those "inextricably intertwined" with state court judgments. Feldman, 460 U.S. at 482 n.16. The doctrine does not bar claims beyond this narrow band, including federal claims of discrimination based on conduct predating a state court eviction judgment. See Turner, 449 F.3d at 547. Accordingly, Rooker-Feldman does not apply to Pondexter's federal claim against Green Meadows under the FHA, 42 U.S.C. § 3613, which authorizes a private suit directly against perpetrators of allegedly discriminatory practices. Moreover, Pondexter alleges that Green Meadows committed fraud in the state courts by misleading the court regarding the amount of rent he owed. As this claim does not allege harm caused by a state court judgment, but instead challenges the manner in which the state court judgment was

5

procured, <u>Rooker-Feldman</u> does not apply.  <u>See</u> <u>Long v. Shorebank Dev. Corp.</u>, 182 F.3d 548, 556 (7th Cir. 1999).

Green Meadows argues in the alternative that the doctrine of res judicata bars Pondexter's remaining claims.  Under Pennsylvania law, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any further suit between the parties or their privies on the same cause of action."  <u>Balent v. City of Wilkes-Barre</u>, 669 A.2d 309, 313 (Pa. 1995).  "Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated in the first proceeding if they were part of the same cause of action."  <u>Id.</u>  To the extent that Pondexter's complaint can be read to assert a claim against Green Meadows under 42 U.S.C. § 3613, Pondexter could have raised the claim during the state court proceedings because the claim involved the same factual predicate, i.e., Green Meadows' allegedly racially discriminatory eviction of Pondexter.

Res judicata similarly bars Pondexter's remaining claims regarding Green Meadows' conduct in the state court proceeding.  Pondexter expressly raised his fraud claim before the state court, and the state court found in favor of Green Meadows.  (<u>See</u> Submission of Records by ACHA, Pondexter Compl. (dkt. # 100-12, 100-3).)  Because a finding of fraudulent conduct by Green Meadows would have undermined a finding in Green Meadows' favor, it appears that the trial court considered Pondexter's claim on the merits and denied his claim.

6

The District Court also correctly dismissed HUD. The gist of Pondexter's allegations against HUD is that HUD was a party to the HAP agreement with ACHA, which in turn entered into a contract with Green Meadows. The complaint accuses HUD of failing to enforce the HAP contract. However, federal regulations preclude a tenant from pursuing a private right of action against HUD under the HAP contract. See 24 C.F.R. § 982.456(c) ("The HAP contract shall not be construed as creating any right of the family . . . to enforce any provision of the HAP contract, or to assert any claim against HUD, the PHA or the owner under the HAP contract."). Therefore, we will affirm the District Court's decision to dismiss Pondexter's claims against HUD.

Finally, we agree with the District Court that summary judgment was proper as to ACHA. Pondexter contends that ACHA denied him access to a two-bedroom apartment unit on the basis of racial discrimination. Under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, "No person in the United States shall, on the ground of race . . . be excluded from participation in . . . any program or activity receiving Federal financial assistance." The District Court properly analyzed this claim under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Boykin v. KeyCorp., 521 F.3d 202, 213 (2d Cir. 2008). Under that framework, Pondexter was required to establish a prima facie case of discrimination. Based on the summary judgment record before the District Court, Pondexter has not established a prima facie

7

case.  Nor has Pondexter pointed to any aspect of the record that would provide a basis for a jury to determine that ACHA acted with racial animus toward him.[5]

For the aforementioned reasons, we will affirm the order of the District Court.[6]

---

[5]For the reasons provided by the District Court, Pondexter's claims against ACHA under 42 U.S.C. §§ 1983, 1985, 1986, 1988 fail.

[6]Pondexter also alleges civil and criminal misconduct by federal judges and attorneys involved in this litigation.  We decline to comment on those allegations raised for the first time on appeal.  Although Pondexter raised after-the-fact in the District Court his concerns regarding then-District Judge Hardiman's failure to recuse himself, he does not explain how Judge Hardiman's alleged connection to appellee ACHA influenced his decision to dismiss Pondexter's claims against two unrelated entities, HUD and Green Meadows.  Appellant's motion and amended motion to stay the appeal are deemed withdrawn.  (Appellants' Response dated Feb. 13, 2009.)