**Lou Marra HOGG'S, Appellant**

v.

**State of NEW JERSEY, Department of Labor & Division Worker's Compensation.**

**No. 09–1166.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 8, 2009.

Filed: Sept. 9, 2009.

Lou Marra Hogg's, North Plainfield, NJ, pro se.

Matthew S. Sapienza, Esq., Office of Attorney General of New Jersey, Department of Law and Public Safety, Richard J. Hughes Complex, Trenton, NJ, for State of New Jersey, Department of Labor & Division Worker's Compensation.

Before: Chief Judge SCIRICA, CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Lou Marra Hogg's[1] appeals from an order of the United States District Court for the District of New Jersey that dismissed her complaint against the State of New Jersey, Department of Labor and Division of Workers' Compensation. We will affirm the District Court's judgment.

## I.

Hogg's was injured on the job, and filed a complaint with the New Jersey, Department of Labor and Workforce Development, Division of Workers' Compensation. She was eventually awarded 20% disability for her injuries by the Workers' Compen-sation Court. Her employer appealed to the Superior Court of New Jersey, Appellate Division, which affirmed the Workers' Compensation Court. Hogg's did not cross-appeal; instead, while her employer's appeal was pending, Hogg's filed a complaint in the Superior Court of New Jersey, Law Division against the State of New Jersey, Department of Labor and Workforce Development, Division of Workers' Compensation. In the complaint, she alleged that her due process rights under the United States Constitution had been violated during the course of her workers' compensation proceedings. Hogg's complained that hearings were held in her absence and she complained about the circumstances surrounding the independent medical exam. After hearing arguments, the Court dismissed Hogg's complaint. The Court held that the Law Division lacked jurisdiction to consider Hogg's claims, as the Appellate Division had exclusive jurisdiction and Hogg's could have raised the claims on appeal. Hogg's did not appeal the decision.

In the meantime, Hogg's filed a complaint in the United States District Court for the District of New Jersey, again naming the State of New Jersey, Department of Labor and Workforce Development, Division of Workers' Compensation as defendant, and raising the same claims that were alleged in her suit in the Law Division, but adding that jurisdiction was proper in the federal court "because of Federal Civil Rights violations consisting of HIA [sic], Social Security and American with Disabilities issues." As relief, Hogg's sought five million dollars. The District Court construed Hogg's complaint as raising a claim pursuant to 42 U.S.C. § 1983 for violation of the Due Process clause of the Fourteenth Amendment. The District Court held that Hogg's claims against the

---

1. Appellant's name is spelled with an apos-trophe.

defendant (or defendants) [2] were barred by Eleventh Amendment immunity, and because the State of New Jersey is not a "person" subject to liability under § 1983. The Court also found that it lacked jurisdiction to consider Hogg's claims pursuant to the *Rooker–Feldman* doctrine.[3] The Court found it unnecessary to reach the issue of whether Hogg's claims were barred by *res judicata.* The Court granted the defendant's motion to dismiss the complaint, and Hogg's filed a timely notice of appeal.

## II.

■ The District Court's dismissal of the complaint pursuant to the Eleventh Amendment was proper. The guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court unless Congress abrogates the state's immunity pursuant to a valid exercise of its power. *See Bd. of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 363–64, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). We agree with the District Court's finding that any judgment against the State of New Jersey, the New Jersey Department of Labor and Workforce Development, or the Division of Workers' Compensation would be paid by New Jersey's state treasury. Dist. Ct. Op. at 13–15. Because the State of New Jersey was thus the real party at interest, the District Court properly held that these entities are immune from a suit seeking money damages. *Fitchik v. N.J. Transit Rail Operations, Inc.,* 873 F.2d

655, 659 (3d Cir.1989). As Hogg's made neither a demand for injunctive relief, nor any allegation of a continuing violation of constitutional rights, there is no basis for excepting the application of Eleventh Amendment immunity in this case. *See Edelman v. Jordan,* 415 U.S. 651, 676–78, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see also Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (allowing jurisdiction for suits seeking prospective injunctive relief or to protect against continuing violations of federal rights).

■ Moreover, the defendants were properly dismissed from Hogg's' suit because New Jersey, its Department of Labor and that Department's Division of Workers' Compensation are not recognized as "persons" under § 1983. *See* 42 U.S.C. § 1983 ("Every *person* who ... causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured ....") (emphasis added); *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that states and state officials, acting in their official capacity, are not "persons" under § 1983); *United States ex rel. Foreman v. State of N.J.,* 449 F.2d 1298 (3d Cir.1971) (holding that State of New Jersey is not a "person" under § 1983 and thus not amendable to suit under that statute).

■ As noted, the District Court also dismissed the complaint pursuant to the

---

**2.** Like the District Court, we are not sure whether Hogg's was suing the Division of Workers' Compensation as a single entity, or whether she was attempting to sue that division, as well as the New Jersey Department of Labor and the State of New Jersey. In any event, as explained below, we agree that any and all of these entities are immune from suit pursuant to the Eleventh Amendment.

**3.** The doctrine takes its name from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

*Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine divests federal courts of jurisdiction where a federal action "would be the equivalent of an appellate review" of a state court judgment. *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996). The doctrine applies only where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Hogg's states in her brief that "[t]he state court rulings are erroneous and should be voided." Appellant's Informal Brief at 5. That is precisely the relief that federal courts are precluded from granting pursuant to *Rooker–Feldman.*

It appears that Hogg's may also be seeking relief other than the overturning of the state court workers' compensation ruling. But to the extent that review of any of her claims is not barred by the *Rooker–Feldman* doctrine, review is barred by collateral estoppel and *res judicata,* because she is attempting to raise issues that were either previously determined by the New Jersey courts, or should have been raised in the New Jersey proceedings.

■ Under New Jersey law, the doctrine of collateral estoppel operates to foreclose relitigation of an issue when the party asserting the bar shows that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the court in the prior proceeding issued a final judgment on the merits, (4) the determination of the issue was essential to the prior judgment, and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Hennessey v. Winslow Township,* 183 N.J. 593, 875 A.2d 240, 244 (2005). Those claims actually decided in Hogg's workers' compensation proceedings thus may not be relitigated in federal court.

■ Further, *res judicata* bars litigation of claims that should have been raised in previous proceedings. The doctrine has the following elements: "(1) the final judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *McNeil v. Legislative Apportionment Comm'n of the State of N.J.,* 177 N.J. 364, 828 A.2d 840, 859 (2003). Hogg's raised virtually identical claims against the same defendant in her action in the Law Division; that Court held that the claims should have been raised on appeal to the Appellate Division in Hogg's workers' compensation action. As the claims could have been raised in her workers' compensation proceeding, *res judicata* precludes federal court review of any of these claims presented in this case.

■ We further agree with the District Court that Hogg's' statement that subject matter jurisdiction was proper in the federal court "because of Federal Civil Rights violations consisting of HIA [sic], Social Security and American with Disabilities issues" is not sufficient to allege a cognizable claim under any federal law. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to survive motion to dismiss, complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face). Hogg's complaint does not explain which statutes she believes were vio-

lated, nor why she is due relief under any of those statutes.

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

4. Hogg's' motion for appointment of counsel is denied.