**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-31151
Summary Calendar

LLOYD T STEPHENS,

Plaintiff-Appellant

v.

4TH JUDICIAL DISTRICT COURT; JIMMY DIMOS; WENDELL MANNING;
ALVIN SHARP,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CV-857

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lloyd T. Stephens appeals from the district court's judgment dismissing his action against a state court and three state court judges for lack of subject matter jurisdiction pursuant to the *Rooker/Feldman* doctrine,[1] Stephens challenges the actions of the state court judges in state court proceedings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

relating to a long-running custodial dispute involving his severely disabled adult son. *See In re Interdiction of Stephens,* 930 So. 2d 1222 (La. Ct. App. 2006). He argues that the district court erred by denying his motion for appointment of counsel. Because Stephens's action clearly was barred by the *Rooker/Feldman* doctrine, his case did not present exceptional circumstances warranting the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Stephens's appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Stephens moves for appointment of counsel on appeal, for oral argument, and for media to be present at oral argument. Those motions are denied.

This is at least Stephens's second attempt in federal court to overturn the adverse judgments of the Louisiana courts in his custodial dispute. *See Stephens v. 4th Judicial Court,* No. 9:01-CV-00193 (E.D. Tex. Oct. 10, 2001). Both of his federal cases were dismissed pursuant to the *Rooker/Feldman* doctrine. Moreover, his most recent substantive custodial claims have been thoroughly considered by the Louisiana state courts. *See In re Interdiction of Stephens,* 930 So. 2d at 1224-29. Stephens is warned that frivolous appeals in the future will invite the imposition of sanctions.

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.