10-2467-cv
Hense v. Martin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of April, two thousand eleven.**

PRESENT:
>> RALPH K. WINTER,
>> ROSEMARY S. POOLER,
>> PETER W. HALL,
>>> *Circuit Judges*.

—————————————————————————————

Michael Hense,

>> *Plaintiff-Appellant*,

>> v.                                                                 10-2467-cv

La Tia W. Martin, in her official capacity and as an individual, Janette A. Baxter, as an individual, Nancy Dwinell, as an individual, Yoko Hense, as an individual,

>> *Defendants-Appellees.*[1]

—————————————————————————————

---

[1] The Clerk of the Court is instructed to conform the caption in accordance herewith.

FOR APPELLANT:    Michael Hense, *pro se*, Brooklyn, New York.

FOR APPELLEES:    Ann P. Zybert, Assistant Solicitor General, Office of the Attorney General, New York, New York.

Mark Housman, Housman & Associates P.C., Tarrytown, New York.

Scott Kossove, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant, *pro se*, appeals the district court's dismissal of his complaint alleging violations of the Fourteenth Amendment of the U.S. Constitution, and 42 U.S.C. sections 1983 and 1985. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal pursuant to the *Rooker-Feldman* doctrine. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). Under that doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Based on the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), we have set forth four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must "complain[] of injuries caused by [a] state-court judgment;" (3) the plaintiff must "invit[e] district court review and

rejection of [that] judgment;" and (4) the state-court judgment must have been "rendered before the district court proceedings commenced." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (quoting *Hoblock*, 422 F.3d at 85).

Here, the district court properly dismissed Appellant's complaint under the *Rooker-Feldman* doctrine. The record demonstrates that: (1) Appellant conceded that he had challenged the sale of the marital residence and that the Appellate Division, Second Department dismissed his claim; (2) the underlying injury complained of was the deprivation of Appellant's property, which resulted from the state court's order directing the sale of the marital residence; (3) Appellant's requested relief was, in essence, for the district court to review the state court's decisions, find them to be improper, and redress his harms accordingly; and (4) Appellant filed his complaint after the state court's order and issuance of divorce were entered. Accordingly, because all four factors were satisfied, the district court lacked subject matter jurisdiction over Appellant's complaint.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3