PS1-065                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2866
_____

US BANK NATIONAL ASSOCIATION,
As Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust,
Mortgage Loan Asset-Backed Liabilities, Series 2006-AB3

v.

DONALD WATKINS, JUNIOR; DONALD WATKINS, SR.; DELENA WATKINS


DONALD WATKINS, JUNIOR; DONALD WATKINS, SR.,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01981)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2016

Before:  AMBRO, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Donald Watkins, Jr., appeals from the District Court's dismissal of his complaint challenging the judgment against him in a state court mortgage foreclosure action. Because Watkins' complaint is barred by the Rooker-Feldman doctrine, we will affirm.

Watkins was a defendant in a mortgage foreclosure action brought in the Court of Common Pleas for Philadelphia County. The court entered default judgment in favor of the plaintiffs after his failure to appear, and Watkins' property proceeded to a sheriff's sale. Following the judgment, Watkins made numerous attempts to stop the sale. He filed a motion to strike the state court's judgment, pursued a TRO against the sale, and sought numerous postponements. Watkins also filed a removal action to the District Court, arguing that the state court failed to enforce "century old state law" in making its decision, and that he was not afforded proper notice, a meaningful opportunity to be heard or a meaningful opportunity to present evidence in the state court proceedings. He also claims that the state court discriminated against him because of his race.

The District Court dismissed the action, reasoning that because Watkins sought a ruling that would override the state court judgment, it lacked jurisdiction under the Rooker-Feldman doctrine. Watkins appealed, arguing that the Rooker-Feldman doctrine does not apply because the underlying state court judgment is void and because the state court proceeding violated his constitutional rights to due process and equal protection.

We have jurisdiction under 28 U.S.C. § 1291[1]. We exercise plenary review over an order granting a motion to dismiss for lack of subject matter jurisdiction. See FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996).

Federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Under the Rooker-Feldman doctrine, a losing state-court party is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994). There are four requirements that must be met for the doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks and citations omitted).

Watkins' suit in the District Court satisfies these four requirements. In bringing a

---

[1] The District Court issued an order dismissing Watkins' action on June 30, 2015. Federal Rule of Appellate Procedure 4(a)(1)(A) dictates that that a notice of appeal must be filed within 30 days after entry of judgment. Because the District Court's order did not satisfy the separate document requirement of Rule 58(a), however, the 30-day period did not begin to run until 150 days after the order was entered on the District Court's docket. Watkins filed a Notice of Appeal on August 3, 2015. His appeal was therefore

removal action, Watkins attempts to do exactly what <u>Rooker</u>-<u>Feldman</u> prohibits: use a lower federal court to overturn an adverse judgment from a state court.

Watkins argues that the <u>Rooker</u>-<u>Feldman</u> doctrine does not apply here because the state court judgment is void, but this is nothing more than a disagreement with the state court's decision on his foreclosure action. Similarly, Watkins' constitutional arguments are no more than an attempt to obtain federal review of a state court judgment "based on [a] claim that the state judgment itself violates the loser's federal rights." <u>Johnson</u>, 512 U.S. at 1005-06. A party who seeks to overturn a state court judgment must proceed through the state judicial system and can seek federal review only from the United States Supreme Court. <u>Great W. Mining</u>, 615 F.3d at 164.

Accordingly, we will affirm the judgment of the District Court.

---

timely.