**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 16, 2018[*]
Decided March 20, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 17-2879 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| CLAYTON M. BATES, *et al.*,<br>    *Plaintiffs-Appellants,* | |
| *v.* | |
| STATE OF OHIO, *et al.*,<br>    *Defendants-Appellees.* | No. 1:17-cv-1586-WTL-TAB<br>William T. Lawrence, *Judge.* |

## Order

Relatives of a minor child appeal the district court's dismissal of their suit for lack of jurisdiction under the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Plaintiffs challenge decisions of Ohio's judiciary terminating the mother's parental rights and putting the child in the custody of the state.

---

[*] Defendants were not served with process and are not participating in this appeal, which we decide without oral argument because it is frivolous. Fed. R. App. P. 34(a)(2)(A).

Plaintiffs' notice of appeal is untimely with respect to the district judge's order of dismissal. In an earlier order, this court stated that appellate review would be limited to issues presented by a post-judgment motion that the district judge denied. (The appeal is timely with respect to the order denying that motion.) Plaintiffs see this as an opening to reargue their whole case. It is not. At all events we see no error in the district court's order, because the court was right to hold that it lacks subject-matter jurisdiction.

Under the *Rooker-Feldman* doctrine, only the Supreme Court of the United States can review the final decisions of state courts in civil litigation. The "vital question" is "whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). Plaintiffs acknowledge that this is what they want. They even captioned their complaint in federal court, and their brief in this court, as an "appeal" from the child-custody rulings. They also have named the State of Ohio, its Attorney General (styled as "~richard-m: dewine"), and its juvenile court as defendants. But the *Rooker-Feldman* doctrine deprives the district court of any authority to review and revise a state court's decision.

The papers that plaintiffs have filed in this court, like those they filed in the district court, are irregular in form (the appellate brief is captioned "Principle Brief, Writ of Scire Fascias"), close to incomprehensible in content, and similar in many respects to documents filed by self-declared "sovereign citizens." The brief does not seriously attempt to show that the *Rooker-Feldman* doctrine is inapplicable. Future similar filings by any of the plaintiffs will lead to financial and other penalties.

AFFIRMED