**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1755
_____

COREY LANE,
                    Appellant

v.

STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-08948)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: October 10, 2018)
_____

OPINION*
_____

PER CURIAM

    Corey Lane appeals the District Court's March 22, 2018 order denying injunctive

relief, and a subsequent order denying his motion to amend judgment.  Upon review of

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court's March 2018 order, we will affirm for two reasons. First, Lane has failed to meet his burden of establishing the elements necessary for granting a preliminary injunction. Second, Lane does not offer a sufficient rebuttal to the State's argument that the Rooker-Feldman[1] doctrine applies. We will also affirm the District Court's subsequent order denying Lane's motion to amend.

On March 21, 2017, Lane filed a motion for a preliminary injunction, requesting that the District Court enforce his "unsupervised visits and [his] unsupervised physical custody of [his four] children." Dkt. #18. On April 6, 2017, the District Court entered an order denying relief, which was subsequently affirmed by this Court on February 15, 2018. Dkt. #30; Dkt. #91.

Then, on March 12, 2018, Lane filed a similar motion requesting a preliminary injunction for "Declaratory Relief" so as to have his right to "unsupervised physical custody and visitation of [his four] minor children reinstated." Dkt. #92. The District Court denied relief on March 22, 2018.[2] Dkt. #94. Lane seeks reversal of the District Court's denial.

We have jurisdiction to review the District Court's order entered on March 22, 2018, pursuant to 28 U.S.C. § 1292(a)(1). "We review the denial of a preliminary

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] In that order, the District Court notes that Lane's current motion seeks essentially the same relief as his previous motion for preliminary injunction filed in March 2017. Dkt. #94. Accordingly, because the procedural history of this case and the details of Lane's claims are well known to the parties—set forth in both this Court's and the District Court's previous orders denying injunctive relief—we need not discuss them at length.

injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). Determinations that are prerequisites to the issuance of an injunction are reviewed according to the applicable standard for each particular determination. Id. Accordingly, we exercise plenary review of the District Court's conclusions of law but review its findings of fact for clear error. Doe by & through Doe v. Boyertown Area Sch. Dist., 897 F.3d 518, 526 (3d Cir. 2018).

In determining whether to grant a preliminary injunction, a court must consider whether the movant has shown: (1) a likelihood of success on the merits; (2) that the movant will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the preliminary relief is in the public interest. Kos Pharm., Inc., 369 F.3d at 708. "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." Kos Pharm., Inc., 369 F.3d at 708 (internal quotation marks omitted). Indeed, a court should not grant relief "unless the movant, by a clear showing, carries the burden of persuasion." Holland v. Rosen, 895 F.3d 272, 285 (3d Cir. 2018).

The District Court determined Lane's March 2018 motion suffers from the same infirmities that were fatal to his March 2017 motion, which sought essentially the same relief. We agree. Lane offered no analysis of the above four elements that would have allowed the District Court to grant his request.[3] See Dkt. #92. Thus, Lane did not meet

---

[3] In his brief before our Court, Lane notes the State did not oppose his March 2018 motion, implying that the District Court erred in denying his unopposed request. The fact

his heavy burden of showing the District Court that a preliminary injunction was warranted.  See Kos Pharm., Inc., 369 F.3d at 708; Holland, 895 F.3d at 285.

Additionally, Lane does not successfully rebut the State's argument that the Rooker-Feldman doctrine applies in this case.  Sometimes, when a federal action follows a state action, the Rooker-Feldman doctrine will prevent the district court from exercising jurisdiction.  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163–64 (3d Cir. 2010).  There are four requirements which must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Id. at 166 (internal quotation marks and alterations omitted).  "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim."  Id.

Lane argues that the Rooker-Feldman doctrine only applies when the action taken by the state body is judicial, and not legislative, ministerial, or administrative.  He contends that "[a] finding of 'established' [child abuse] by the Defendant, Division of Child Protection & Permanency (DCPP), is an administrative decision and is not subject

_____

that his motion was not met with opposition does not absolve him of his heavy burden of showing the above four elements.  See Holland, 895 F.3d at 285.  Lane was still required to present the District Court a basis upon which it could grant the relief.  Cf. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175–76 (3d Cir. 1990) (holding that where a local rule allowed a court to render whatever relief was asked in an unopposed motion, such a rule, alone, is not a sufficient basis for an entry of summary judgment; rather, where a moving party has the burden of proof on the relevant issues, the court must still conduct an analysis of the unopposed facts to determine if summary judgment is "appropriate").

to administrative appeal." Appellant Br. 4. Therefore, he argues, the doctrine does not apply because the DCPP is acting as "an administrative, rather than judicial, body." Appellant Br. 5.

However, as was previously determined by the District Court and this Court, Lane is complaining of injuries caused by a previous state-court judgment that granted sole physical custody of his children to their mother and restrained Lane from "all unsupervised contact" with his children. The DCPP did not make the custody decision; rather, the Superior Court of New Jersey did. Moreover, the fact that the Superior Court may have relied upon a finding by the DCPP does not make its custody decision an administrative one. Accordingly, regardless of how Lane couches his argument, it is clear he is again inviting the District Court to reject the state-court judgment in his current motion, which falls squarely within the applicability of the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co., 615 F.3d at 166.

Finally, we also have jurisdiction to review the District Court's order denying Lane's motion to amend its March 2018 order regarding injunctive relief (Dkt. #96). See 28 U.S.C. § 1292(a)(1). As the District Court noted, Lane's motion advanced the same arguments he had previously set forth in his March 2018 motion. Because he provided no basis for reconsideration, the District Court did not abuse its discretion in denying the motion. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005) ("We review the District Court's denial of a motion to reconsider for abuse of discretion.").

For the foregoing reasons, we will affirm the District Court's decision to deny the motion for a preliminary injunction.