**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1821
_____

LISA M. BROWN

v.

JASON L. BROWN,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00404)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 23, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed:  August 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

On March 7, 2019, Jason L. Brown commenced an action in the District Court by

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

filing a "notice of appeal in a civil case." The matter was referred to a Magistrate Judge who recommended that it be dismissed under the Rooker-Feldman[1] doctrine because Brown was attempting to appeal from a state-court judgment.[2] The District Court agreed and dismissed the case for lack of jurisdiction. Brown timely appealed.

We exercise de novo review over the question of subject-matter jurisdiction. PennMont Secs. v. Frucher, 586 F.3d 242, 245 (3d Cir. 2009); see also United States v. Apple MacPro Computer, 851 F.3d 238, 244 (3d Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291.

We agree with the District Court that it lacked jurisdiction over Brown's case. In his brief on appeal, Brown makes clear that he is seeking review of a domestic-relations order entered by the Court of Common Pleas of Schuylkill County.[3] As the Magistrate Judge correctly concluded, however, the Rooker-Feldman doctrine strips federal courts of jurisdiction over controversies "that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284

---

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] Brown did not file objections to the Report and Recommendation pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure.

[3] Based on the documents that Brown attached to his "notice of appeal in a civil case," it appears that this judgment was affirmed by the Superior Court of Pennsylvania and that the Supreme Court of Pennsylvania subsequently denied allocatur.

(2005).  Amendment would be futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm.